■ 7 WORLD TRADE COMPANY et al., Respondents-Appellants, v WESTINGHOUSE ELECTRIC CORP., Appellant-Respondent, et al., Defendant. [682 NYS2d 385] —Judgment, Supreme Court, New York County (Alice Schlesinger, J.), entered May 1, 1997, which awarded plaintiffs the sum of $1,399,968.74, bringing up for review an order of the same court and Justice entered September 10, 1996, which granted defendant's motion to set aside the verdict of liability or to reduce damages only to the extent of reducing the damage award, and a second order of the same court and Justice, entered January 13, 1997, which, *inter alia*, denied plaintiffs' motion to renew and reargue the prior order reducing the award, unanimously reversed, on the law, without costs, the judgment vacated, the motion to set aside the verdict of liability granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant-appellant-respondent dismissing the complaint as against it.

Westinghouse Electric Corp. provided the bus ducts, which conduct a building's electricity, that were used in the construction of 7 World Trade Center. Two years later, in the course of a prospective tenant's extensive renovations, there were two explosions in the ducts while employees of the tenant's electrical subcontractor were attaching switch boxes to the ducts, causing injury to two workers. Plaintiffs thereafter replaced the duct system with a different, more expensive, type of duct on an expedited basis, enabling tenants to remain in the building and the renovation to be completed on time.

The injured workers brought personal injury actions against numerous defendants, including the parties to the instant action; those actions were settled without prejudice to the instant litigation, in which plaintiffs sought damages for negligent design and manufacture of the ducts; strict liability in tort based on the ducts' defective design; and breach of implied warranty. At trial, defendants attributed the explosions to the fact that installation of a crane on the building's roof had left an open shaft allowing rain to enter the ducts and other areas.

At the trial's conclusion, the court dismissed all claims against L.K. Comstock, the company that installed the ducts. The jury returned a verdict for plaintiffs as to the negligence and strict liability claims, finding plaintiffs 30% liable and defendant 70% liable; it awarded plaintiffs approximately $1.6 million, a sum the court subsequently reduced by $387,600.

The jury did not find for plaintiffs on the breach of implied warranty claim.

Because plaintiffs allege losses of only an economic nature resulting from the explosion, we agree with defendant that, under the Court of Appeals' 1995 decision in *Bocre Leasing Corp. v General Motors Corp.* (84 NY2d 685), plaintiffs were not entitled to maintain an action for negligence and strict liability in the absence of allegations of bodily injury or damage to property other than the allegedly defective product. In *Bocre*, the Court of Appeals adopted the rule articulated in *East Riv. S. S. Corp. v Transamerica Delaval* (476 US 858), an admiralty case in which the United States Supreme Court held that a purchaser may not use a tort theory to recover economic losses based on or flowing from injury to the defective product itself, where personal injury is not alleged or at issue. The Court of Appeals concluded that "New York should join the majority of jurisdictions that have recognized the cogency of the *East Riv.* analysis and approach" (84 NY2d, *supra,* at 693-694).

In so answering the question certified to it from the Second Circuit to resolve conflicting decisions among the Appellate Divisions (*Bocre Leasing Corp. v General Motors Corp.*, 20 F3d 66, 67-68) as to whether a purchaser in a commercial transaction may recover in tort under a strict products liability or negligence theory from the manufacturer of a component of the product where only the product was damaged, the Court of Appeals expressly declined to carve an exception for " 'unduly hazardous' " products (84 NY2d, *supra,* at 691), an exception previously recognized by this Department as to a negligence claim (*see, e.g., Trustees of Columbia Univ. v Gwathmey Siegel & Assocs. Architects*, 192 AD2d 151). While plaintiffs maintain that this exception still exists and applies here, we believe the language in *Bocre* is to the contrary (*see, Chemical Bank v Stahl*, 255 AD2d 126; *Rockefeller Univ. v Tishman Constr. Corp.*, 232 AD2d 155).

Plaintiffs further contend that *Bocre* does not apply because the explosions did cause physical injury. However, the fact that the two injured workers may have had strict products liability or negligence claims does not enure to plaintiffs' benefit by creating a tort cause of action on their behalf as well, where the losses *they* claim are purely economic in nature—those stemming from damage to and replacement of the ducts and consequential losses thereto. Nor do we find that *Bocre* applies only to remote downstream purchasers of a product, as plaintiffs urge. While *Bocre* involved such a purchaser, *Bocre*

has been applied in cases involving more immediate purchasers such as plaintiffs in the matter before us (*see, e.g., Travelers Ins. Cos. v Howard E. Conrad, Inc.*, 233 AD2d 890; *Ofsowitz v Georgie Boy Mfg.*, 231 AD2d 858; *McDowell v Atco Rubber Prods.*, 221 AD2d 876, *appeal dismissed* 87 NY2d 966; *Carcone v Gordon Heating & Air Conditioning Co.*, 212 AD2d 1017; *Cook v Moving Floors*, 1997 WL 204306 [ND NY, Apr. 11, 1997, Pooler, J.]).

In light of our conclusion that the verdict of liability should be set aside and the complaint dismissed, we do not reach the parties' remaining claims. Concur—Milonas, J. P., Ellerin, Rubin, Tom and Saxe, JJ.