■ JOSEPH R. IMPERIA et al., Appellants, v MARVIN WINDOWS OF NEW YORK, INC., et al., Respondents. [747 NYS2d 35] ■

From 1989 through 1992, the plaintiffs purchased so-called Marvin windows and doors covered with a "flexacron" coating for installation in their home. The plaintiffs paid an additional 10% over the purchase price of the windows and doors for the flexacron coating, and allegedly were told by representatives of the defendants and by the product literature that the coating would last much longer than paint and that their new windows and doors would be maintenance-free. Problems with paint failure around the windows appeared as early as 1994, and in the spring of 1997, the plaintiffs became aware that some of the Marvin windows and doors they installed in their home had decayed, damaging the surrounding structure of the house. Although the defendants assured the plaintiffs in the spring of 1998 that they would replace the failed windows and doors and

reimburse them for their consequential losses, the defendants later declined to cover consequential losses.

The plaintiffs commenced this action in December 1998, alleging, inter alia, breach of contract, breach of warranty, and fraud. The defendants moved for summary judgment dismissing the complaint, inter alia, on the ground that the statute of limitations had expired. The Supreme Court granted the motion and dismissed the plaintiffs' complaint in its entirety. The plaintiffs appeal.

While an action sounding in breach of warranty must be commenced within four years after the cause of action has accrued (*see* UCC 2-725), which is usually upon delivery of the goods, an exception is made "where a warranty explicitly extends to [the] future performance of the goods and discovery of the breach must await the time of such performance" (UCC 2-725 [2]). In the event of a warranty of future performance, the cause of action accrues when the breach is or should have been discovered (*see* UCC 2-725 [2]; *Mittasch v Seal Lock Burial Vault,* 42 AD2d 573). "A warranty of future performance is one that guarantees that the product will work for a specified period of time" (*St. Patrick's Home for Aged & Infirm v Laticrete Intl.,* 264 AD2d 652, 657).

Contrary to the conclusion of the Supreme Court, we find that the plaintiffs' opposition to the defendants' motion for summary judgment was sufficient to raise a question of fact as to whether the defendants expressly warrantied future performance of the products treated with the specialty coatings (*see Mittasch v Seal Lock Burial Vault, supra*; *see also Parzek v New England Log Homes,* 92 AD2d 954). The plaintiffs alleged that, before purchasing the windows and doors, they had numerous meetings with the defendants' representative who told them that with the flexacron coating, the windows and doors would be maintenance-free for 10 years and would be accompanied by a 10-year warranty. The representative gave them brochures and product literature containing, inter alia, the assurance that the flexacron finish "lasts four to five times as long as paint" and that products treated with the flexacron prefinish were "maintenance-free" and would resist "cracking, blistering or peeling even under the toughest conditions." The plaintiffs alleged that they relied upon these representations in agreeing to purchase all of their windows and doors with the flexacron coating.

An express warranty can arise from the literature published about a product (*see Wiltshire v Robins Co.,* 88 AD2d 1097; *Friedman v Medtronic, Inc.,* 42 AD2d 185). Under the circum-

stances of this case, where the defendants sold a specialty coating for a premium as an addition to the underlying product, and the sole purpose of the specialty coating was to extend the life of the product, "the very nature of the product implies performance over an extended period of time" (*Mittasch v Seal Lock Burial Vault, supra* at 574). Although the warranty period is not precisely defined, the language in the brochure made specific reference to the future, and the length of the warranty period can be the subject of proof at trial. The plaintiffs are entitled to an opportunity to prove that the defendants guaranteed that the flexacron coating would work for a specified period of time. Such a warranty would not be barred by the general disclaimers of warranty that accompanied the sale of the products (*see* UCC 2-316; *Wilson Trading Corp. v David Ferguson, Ltd.,* 23 NY2d 398, 404-406; *Norwest Fin. Leasing v Parish of St. Augustine,* 251 AD2d 125).

That branch of the plaintiffs' cross motion which was to compel discovery should have been granted to the extent that the discovery sought relates to the cause of action sounding in breach of express warranty (*see Vanalst v City of New York,* 276 AD2d 789). Moreover, the plaintiffs' cross motion for leave to amend the complaint should have been granted (*see McCaskey, Davies & Assoc. v New York City Health & Hosps. Corp.,* 59 NY2d 755, 757), except to extent that they sought to include a cause of action to impose a constructive trust. The plaintiffs withdrew their request to add a cause of action in constructive trust before the court's decision on the motion. Having withdrawn the request for that relief, they were not entitled to seek to reinstate it on a motion for leave to renew. In light of the above, the arguments of the plaintiffs pertaining to that branch of their cross motion which was, in effect, for leave to renew, are academic.

The plaintiffs' remaining contentions are without merit. Altman, J.P., Adams, Townes and Crane, JJ., concur.