■ AMIN REALTY, LLC, Respondent, v K & R CONSTRUCTION CORP. et al., Defendants, and KINGS READY MIX, INC., Appellant. [762 NYS2d 92] —In an action, inter alia, to recover damages for breach of contract, the defendant Kings Ready Mix, Inc., appeals from so much of an order of the Supreme Court, Kings County (R.E. Rivera, J.), dated June 6, 2002, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it and granted that branch of the plaintiff's cross motion which was for partial summary judgment on the issue of liability insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, that branch of the cross motion which was for partial summary judgment on the issue of liability insofar as asserted against the appellant is denied, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff hired the defendant K & R Construction Corp. (hereinafter K & R) as general contractor for the construction of a four-story building. K & R hired the defendant Commercial Builders, Ltd. (hereinafter Commercial) as a subcontractor to prepare the building's foundation, and Commercial subsequently hired the defendant Kings Ready Mix, Inc. (hereinafter KRM) to supply the concrete for the construction project. Thereafter, the plaintiff commenced the instant action, alleging, inter alia, that KRM supplied and poured defective concrete which required the removal, reinstallation, and repair of the first floor of the building. KRM moved for summary judgment dismissing the complaint insofar as asserted against it, arguing, inter alia, that the economic loss rule barred the plaintiff's tort and strict product liability claims against it. The plaintiff cross-moved, inter alia, for partial summary judgment on the issue of liability insofar as asserted against KRM. The Supreme Court denied KRM's motion and granted that branch of the plaintiff's cross motion which was for partial summary judgment against KRM on the issue of liability. We reverse.

The economic loss rule provides that tort recovery in strict products liability and negligence against a manufacturer is not available to a downstream purchaser where the claimed losses flow from damage to the property that is the subject of the contract and personal injury is not alleged or at issue (*see Bocre Leasing Corp. v General Motors Corp.*, 84 NY2d 685, 694 [1995]; *7 World Trade Co. v Westinghouse Elec. Corp.*, 256 AD2d 263, 264 [1998]; *see also Comsewogue Union Free School Dist. v Allied-Trent Roofing Sys.*, 272 AD2d 360, 361 [2000]). The aforementioned rule is applicable even where the allegedly defective product is or may be "unduly hazardous" (*Bocre Leasing Corp. v General Motors Corp.*, supra at 691; *see 7 World Trade Co. v Westinghouse Elec. Corp.*, supra). Further, the economic loss rule is applicable to economic losses to the product itself, as well as consequential damages resulting from the defect (*see Bocre Leasing Corp. v General Motors Corp.*, supra; *7 World Trade Co. v Westinghouse Elec. Corp.*, supra). In the case at bar, the plaintiff merely alleged economic losses with respect to the removal, reinstallation, and repair of the first floor of the subject building. Accordingly, the economic loss rule barred the plaintiff's strict product liability and negligence claims against KRM.

Contrary to the plaintiff's contention, it could not assert a breach of contract claim against KRM as a third-party beneficiary of the contract between KRM and Commercial since the record is devoid of any evidence that the parties intended that

the plaintiff be a beneficiary of the contract. The plaintiff, at most, was an incidental beneficiary of such contract (*see Port Chester Elec. Constr. Corp. v Atlas,* 40 NY2d 652, 656 [1976]; *Board of Mgrs. of Riverview at Coll. Point Condominium III v Schorr Bros. Dev. Corp.,* 182 AD2d 664, 665 [1992]).

In light of our determination, we need not reach the plaintiff's remaining contention. Smith, J.P., S. Miller, Crane and Cozier, JJ., concur.