■ CARMINE ROCIOPPI, Respondent, v BAY CLUB, INC., et al., Appellants, et al., Defendant. [774 NYS2d 735]—

In an action to recover damages for personal injuries, the defendants, Bay Club, Inc., Bay Club Condominiums, and the City of New York appeal from an order of the Supreme Court, Queens County (Flug, J.), dated March 28, 2003, which granted the plaintiff's motion for leave to amend his complaint to add a cause of action alleging breach of contract and denied their cross motion to dismiss any cause of action to recover damages for breach of contract.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof granting the motion and substituting therefor a provision denying the motion, and (2) adding thereto the words "as unnecessary" following the words "Defendant's cross motion is denied"; as so modified, the order is affirmed, with costs to the appellants.

Leave to amend a pleading should be freely granted absent a showing of prejudice resulting from the delay and provided that the proposed amendment is not plainly lacking in merit (*see* CPLR 3025 [b]; *Monello v Sottile, Megna,* 281 AD2d 463 [2001]). In this case, the plaintiff failed to satisfy the standard. Contrary to the plaintiff's contention, he could not assert a cause of action to recover damages for breach of contract against Bay Club Condominiums and the City of New York as a third-party beneficiary of the contract between those parties since the record is devoid of any evidence that they intended that the plaintiff be a beneficiary of the contract (*see Amin Realty v K & R Constr. Corp.,* 306 AD2d 230 [2003], *lv denied* 100 NY2d 515 [2003]). Santucci, J.P., Smith, Luciano and Adams, JJ., concur.