**FOUR SEASONS SOLAR PRODUCTS CORP., Plaintiff–Appellant,**

**v.**

**SOUTHWALL TECHNOLOGIES, INC., Black & Decker Corporation, and Bostik, Inc., Defendants–Appellees,**

William J. Burke, Special Master.

No. 03–7477.

United States Court of Appeals, Second Circuit.

June 1, 2004.

W. Hubert Plummer, Plummer & Plummer, LLP, Hauppauge, N.Y., for Plaintiff–Appellant.

Jeffrey W. Herrmann, McGuire Woods LLP, New York, N.Y., for Defendant–Appellee Black & Decker Corporation.

David R. Scheidemantle, Proskauer Rose, LLP, Los Angeles, Cal., for Defendant–Appellee Bostik, Inc.

Sarah Chapin Columbia (David C. Kurtz, on the brief), Choate Hall & Stewart, Boston, Mass., for Defendant–Appellee Southwall Technologies, Inc.

Present: KATZMANN, B.D. PARKER, Circuit Judges, and PRESKA,* District Judge.

### SUMMARY ORDER

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and hereby is **AFFIRMED**.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court dismissed the complaint on the grounds that the statute of limitations had expired on the warranty and contract claims, that the fraudulent concealment claim was not pled with particularity, and that the unfair competition allegation failed to state a claim. Plaintiff appeals. For the reasons that follow, we affirm the decision of the district court.

The district court held that the plaintiff's breach of contract (implied covenant of good faith and fair dealing) and breach of warranty of future performance claims were barred by the statute of limitations. Under New York law, the statute of limitations for breach of contract actions on sale of goods is four years. N.Y. U.C.C. § 2–725(1) (McKinney 2002). Actions for breach of the warranty of future performance accrues when the breach is or should have been discovered. *Id.* § 2–725(2); *Imperia v. Marvin Windows, Inc.,* 297 A.D.2d 621, 747 N.Y.S.2d 35, 36 (2002).

Where a defendant fraudulently conceals from the plaintiff information about the defendant's negligence (which was the cause of the injury), that mere fact alone is insufficient to toll the statute of limitations—unless, the plaintiff can show that the defendant's fraud prevented "discovery of the nature of [plaintiff's] claim." *Statistical Phone Philly v. NYNEX Corp.,* 116 F.Supp.2d 468, 482 (S.D.N.Y.2000). "The question is whether plaintiff knew enough to sue." *Id.; see also Forbes v. Eagleson,* 19 F.Supp.2d 352, 369–72 (E.D.Pa.1998); *Donahue v. Pendleton Woolen Mills, Inc.,* 633 F.Supp. 1423, 1443 (S.D.N.Y.1986).

■ Since this action was filed in March, 1995, the alleged breach must have been discovered after March, 1991. However, upon a thorough review of the facts as alleged in the complaint, we find that had the plaintiff exercised due diligence, it would have hired an expert upon discovery of the injury and, thus, the injury and its cause would have been discovered before March, 1991. Therefore, the district court did not err in holding that the action is barred by the statute of limitations.

■ The plaintiff further contends that the district court erred in dismissing the claim for fraudulent concealment for failure to plead with particularity as required by Federal Rule of Civil Procedure 9(b). "To satisfy the particularity requirement of Rule 9(b), the allegations should specify the time, place, speaker, and sometimes content of the alleged misrepresentations." *Losquadro v. FGH Realty Credit Corp.,* 959 F.Supp. 152, 157 (E.D.N.Y.1997) (*quoting IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1057 (2d Cir.1993)).

---

* The Honorable Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

Upon a thorough consideration of the arguments raised by the parties, we agree with the district court that the complaint fails to satisfy the requirements of Rule 9(b). Therefore, we hold that the district court did not err in dismissing the fraudulent concealment claim.

Finally, we have reviewed the arguments of the parties concerning the district court's dismissal of the plaintiff's claim for unfair competition on the ground that the complaint failed to state a claim upon which relief could be granted. We conclude that the district court committed no error in doing so.

The judgment of the district court is **AFFIRMED.**