■ ATLAS AIR, INC., Appellant, v GENERAL ELECTRIC COMPANY et al., Respondents. [791 NYS2d 620]—

In an action, inter alia, to recover damages for strict products liability and negligence, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered September 16, 2003, as granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff purchased a Boeing 747 aircraft from Philippine Air Lines and converted it into a cargo plane. The plane was equipped with General Electric CF6-50 engines that were designed and manufactured by the defendant General Electric Company (hereinafter GE). On April 2, 2000, shortly after take-off, one of the engines failed, causing the plane to make an emergency landing. No one was injured, but the plane was damaged. The plaintiff commenced this action against GE and GE Engine Services, Inc. (hereinafter the defendants). The complaint asserts causes of action to recover damages for negligence and strict products liability, alleging, inter alia, that

the engine was defectively designed. The defendants moved for summary judgment, and the Supreme Court granted the motion and dismissed the complaint on the ground that the economic loss rule barred the plaintiff's tort and strict product liability claims. We affirm.

The economic loss rule provides that tort recovery in strict products liability and negligence against a manufacturer is not available to a downstream purchaser where the claimed losses flow from damage to the property that is the subject of the contract and personal injury is not alleged or at issue (*see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.]*, 84 NY2d 685 [1995]; *Amin Realty v K & R Constr. Corp.*, 306 AD2d 230, 231 [2003]). The rule is applicable to economic losses to the product itself as well as consequential damages resulting from the defect (*see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.]*, *supra* at 693; *Amin Realty v K & R Constr. Corp.*, *supra* at 231). Here, the plaintiff merely alleged economic losses with respect to the plane itself. Accordingly, the Supreme Court properly determined that the economic loss rule barred the plaintiff's strict products liability and negligence claims (*see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.]*, *supra*).

In view of the foregoing, we do not reach the parties' contentions concerning contractual limitations on liability. Luciano, J.P., Crane, Rivera and Fisher, JJ., concur.