■ SETSUO ITO, Respondent, v DRYVIT SYSTEMS, INC., Appellant, et al., Defendant. (And a Third-Party Action.) [792 NYS2d 516]—

In an action, inter alia, to recover for damage to property, the defendant Dryvit Systems, Inc., appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated March 22, 2004, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

In November 1999 the plaintiff commenced this action alleging damage to the exterior cladding of his home as a result of the application of a "synthetic stucco" substance known as Exterior Insulation Finish Systems, or EIFS, which the appellant Dryvit Systems, Inc., manufactured and the defendant United Plastering, Inc., installed some time during 1991. The claims asserted against the appellant include breach of express warranty, breach of implied warranty, failure to warn, and a claim that the appellant "acted in a manner which had the capacity or tendency to deceive and acted unfairly." At his deposition, the plaintiff acknowledged that it could have been as early as January 1995 when he first noticed that a portion of the exterior surface of the house was "peeling off," and thus, that he was aware that "something was wrong."

Since the four-year statute of limitations applies to the causes of action alleging breach of express and implied warranties, those causes of action should have been dismissed as time-barred (*see* Uniform Commercial Code § 2-725; *Reich v Mitrani Plasterers Co.*, 268 AD2d 256 [2000]).

The fifth cause of action asserted in the complaint, alleging failure to warn, is essentially to recover for damage to property and thus is governed by the three-year statute of limitations set forth in CPLR 214 (4). Therefore, that cause of action also should have been dismissed as time-barred. Lastly, assuming that the sixth cause of action qualifies as one to recover under General Business Law § 349 (a), that cause of action was time-barred as well (*see* CPLR 214 [2]; *Gaidon v Guardian Life Ins. Co. of Am.*, 96 NY2d 201, 210 [2001]). Prudenti, P.J., S. Miller, Ritter and Goldstein, JJ., concur.