■ MELVYN I. WEISS et al., Appellants, v POLYMER PLASTICS CORPORATION, Doing Business as POLYMER PLASTICS CORPORATION VITRICON DIVISION, et al., Defendants and Third-Party Plaintiffs-Respondents, et al., Defendants, et al., Third-Party Defendants. [802 NYS2d 174]—

In an action, inter alia, to recover damages for fraud, breach of express and implied warranty, strict products liability, and deceptive trade practices, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Winslow, J.), dated May 16, 2003, as granted that branch of the motion of the defendants third-party plaintiffs Polymer Plastics, Inc., sued herein as Polymer Plastics Corporation, doing business as Polymer Plastics Corporation Vitricon Division, Vitricon, Inc., sued herein as Vitricon Corporation, and EIFS, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 1994 the plaintiffs were constructing a home in Oyster Bay

Cove. They hired the third-party defendant DMC Cappy, Inc. (hereinafter DMC), as the general contractor for the project, and the third-party defendant Keller Sandgren Associates (hereinafter Keller) as their architect. In July 1999 the plaintiffs commenced this action alleging damage to the exterior plywood substrate attached to their home as part of the application of a "synthetic stucco" substance known as exterior insulation finish systems, or EIFS, as well as the EIFS itself, which was manufactured by the defendants third-party plaintiffs Polymer Plastics, Inc., sued herein as Polymer Plastics Corporation, doing business as Polymer Plastics Corporation Vitricon Division, Vitricon, Inc., sued herein as Vitricon Corporation, and EIFS, Inc. (hereinafter the Polymer defendants), purchased and installed by the third-party defendant Prima Plastering, Inc. (hereinafter Prima), and selected by DMC and Keller. It is undisputed that the plaintiffs had no direct contact with the Polymer defendants.

Contrary to the plaintiffs' contention, the Supreme Court properly granted that branch of the motion of the Polymer defendants which was for summary judgment dismissing all tort-based causes of action insofar as asserted against them, as barred by the "economic loss" doctrine. The economic loss doctrine provides that tort recovery in strict products liability and negligence against a manufacturer is not available to a downstream purchaser where the claimed losses flow from damage to the property that is the subject of the contract, and personal injury is not alleged or at issue (*see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.]*, 84 NY2d 685 [1995]; *Atlas Air, Inc. v General Elec. Co.*, 16 AD3d 444 [2005]). The rule is applicable to economic losses to the product itself as well as consequential damages resulting from the defect (*see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.], supra* at 693; *Atlas Air, Inc. v General Elec. Co., supra*). The essence of the plaintiffs' claims are that the EIFS did not perform properly to protect their home and, as a consequence, they have suffered direct loss to the stucco siding itself and consequential damages to the plywood substrate attached to their home in terms of water infiltration through the EIFS. Their tort claims were therefore properly characterized as being for "economic loss" due to product failure, and were dismissed by the Supreme Court accordingly (*see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.], supra* at 693; *Atlas Air, Inc. v General Elec. Co., supra; Amin Realty v K & R Constr. Corp.*, 306 AD2d 230 [2003]; *Hemming v Certainteed Corp.*, 97 AD2d 976 [1983]).

The Supreme Court properly granted that branch of the

Polymer defendants' motion which was for summary judgment dismissing the plaintiffs' General Business Law § 349 cause of action. To establish prima facie violation of General Business Law § 349, a plaintiff must demonstrate that a defendant is engaging in consumer-oriented conduct which is deceptive or misleading in a material way, and that the plaintiff has been injured because of it (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]). The plaintiffs failed to meet the threshold requirement of General Business Law § 349 because the Polymer defendants' sale of the EIFS to Prima did not constitute consumer-oriented conduct (*see St. Patrick's Home for Aged & Infirm v Laticrete Intl.*, 264 AD2d 652 [1999]). The transaction in this case was between two companies in the building construction and supply industry. It did not involve any direct solicitation by the Polymer defendants, which had no contact with the plaintiffs, the ultimate consumer, as Prima was already exclusively using the Polymer defendants' product during the relevant time period. Significantly, sophisticated business entities such as Keller, DMC, and Prima acted in an intermediary role in the transaction, thereby reducing any potential that a customer in an inferior bargaining position would be deceived (*see St. Patrick's Home for Aged & Infirm v Laticrete Intl., supra*). In short, this was not the type of "modest" transaction that the statute was intended to reach (*see St. Patrick's Home for Aged & Infirm v Laticrete Intl., id.*).

The Supreme Court also properly held that the Polymer defendants met their initial burden of making a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence demonstrating that no material issues of fact exist on their claim that no express warranty was ever issued to the plaintiffs to sustain their cause of action to recover damages for breach of express warranty (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320 [1986]), and that the plaintiffs failed to present any genuine factual issues to rebut the Polymer defendants' prima showing and which would preclude summary relief (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Contrary to the plaintiffs' contention, the Polymer defendants' product literature, which they admittedly never reviewed prior to the EIFS installation, does not, under the facts of this case, rise to the level of a warranty which "explicitly extends to [the] future performance of the goods" (*Parrino v Sperling*, 232 AD2d 618 [1996] [internal quotation marks omitted]; *Homart Dev. Co. v Graybar Elec. Co.*, 63 AD2d 727 [1978]). In any event, since the four-year statute of limitations applies to the causes of action alleging breach of express and implied warranties, those causes of action were properly

dismissed as time-barred (*see* Uniform Commercial Code § 2-725; *Ito v Dryvit Sys., Inc.*, 16 AD3d 554 [2005]). Cozier, J.P., S. Miller, Mastro and Rivera, JJ., concur.