■ WYANDANCH VOLUNTEER FIRE COMPANY, INC., Respondent, v RANDON CONSTRUCTION CORPORATION et al., Defendants,

and ADVANTAGE BUILDINGS & EXTERIORS, INC., Appellant. [816 NYS2d 119]—

In an action, inter alia, to recover damages for breach of contract, the defendant Advantage Building & Exteriors, Inc., appeals from an order of the Supreme Court, Suffolk County (Molia, J.), dated February 2, 2005, which granted the plaintiff's motion for leave to amend the complaint to add a cause of action sounding in breach of warranty against it, and denied its cross motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the cross motion which was for summary judgment dismissing the fourth cause of action sounding in products liability insofar as asserted against the appellant and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed, without costs or disbursements.

In 1996 the plaintiff entered into a contract for the construction of a vehicle storage building. The edifice was constructed using a "pre-engineered building" manufactured by the defendant Butler Manufacturing, to which were affixed exterior stone panels manufactured by the appellant Advantage Building & Exteriors, Inc. (hereinafter Advantage). The panels were delivered to the building site in December 1996. Shortly after completion of the building in 1999, the stone panels began to crack, and in October 2002 the plaintiff commenced this action. The only cause of action against Advantage sounded in strict products liability.

The plaintiff moved for leave to amend its complaint to add a cause of action sounding in breach of warranty against Advantage. In response, Advantage cross-moved for summary judgment dismissing the complaint insofar as asserted against it, arguing that all claims were barred by the statute of limita-

tions. The Supreme Court granted the plaintiff's motion and denied Advantage's cross motion. We modify.

Although an action sounding in breach of warranty must be commenced within four years after the cause of action has accrued (*see* UCC 2-725), which is usually upon delivery of the goods, an exception is made when there is a "warranty [which] explicitly extends to [the] future performance of the goods and discovery of the breach must await the time of such performance" (UCC 2-725 [2]). "In the event of a warranty of future performance, the cause of action accrues when the breach is or should have been discovered (*see* UCC 2-725 [2] . . .)" *Imperia v Marvin Windows of N.Y.,* 297 AD2d 621, 623 [2002]; *see Mittasch v Seal Lock Burial Vault,* 42 AD2d 573, 574 [1973]). On this record, the plaintiff demonstrated a material issue of fact with respect to whether the stone panels were covered by Advantage's extended and future performance warranty, a claim for the breach of which would have been timely if it had been asserted in the original complaint (*see* UCC 2-725 [2]). Accordingly, the Supreme Court providently exercised its discretion in granting the plaintiff's motion for leave to serve an amended complaint to add a cause of action against Advantage sounding in breach of warranty (*see* CPLR 3025 [b]; *Schiavone v Victory Mem. Hosp.,* 300 AD2d 294, 295-296 [2002]; *St. Patrick's Home for Aged & Infirm v Laticrete Intl.,* 264 AD2d 652, 656 [1999]). For the same reason, Advantage was not entitled to dismissal of the complaint insofar as asserted against it (*see generally Alvarez v Prospect Hosp.,* 68 NY2d 320 [1986]; *cf. Arcuri v Ramos,* 7 AD3d 741 [2004]).

However, we agree that the cause of action against Advantage sounding in strict products liability was time-barred since the plaintiff did not commence its lawsuit until more than three years after delivery of the stone panels (*see* CPLR 214 [4]; *Wyandanch Volunteer Fire Co., Inc. v Radon Constr. Corp.,* 19 AD3d 590, 591 [2005]). Thus, Advantage was entitled to summary judgment dismissing the fourth cause of action.

Advantage's remaining contention is without merit. Schmidt, J.P., Crane, Santucci and Spolzino, JJ., concur.