■ SETSUO ITO, Appellant, v MARVIN LUMBER AND CEDAR COMPANY, Respondent. [865 NYS2d 118]—

In an action to recover damages for breach of express and implied warranties, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Pitts, J.), dated March 1, 2007, which granted the defendant's motion pursuant to CPLR 3211 (a) (1), (5) and (7) to dismiss the complaint.

Ordered that the order is affirmed, with costs.

In 1990 the plaintiff purchased "Marvin windows and doors" for installation in his house in Bridgehampton. He alleged that, at the time he purchased those products, a saleswoman at the store told him that they came with a "lifetime warranty." The plaintiff, however, never received anything in writing about such a lifetime warranty, and the written contract provided only for a one-year warranty. In 1997 the plaintiff became aware that some of the windows and doors were defective, and he contacted the defendant, a Minnesota company that had manufactured the product. In December 2000, after extensive correspondence, the defendant began to repair and replace the defective windows and doors, but inexplicably stopped work in April 2001.

In 2006 the plaintiff commenced this action against the defendant, seeking damages for breach of express and implied warranties. In lieu of an answer, the defendant moved to dismiss

the complaint pursuant to CPLR 3211 (a) (1), (5) and (7), arguing that the statute of limitations for the plaintiff's claims had expired. The Supreme Court granted the defendant's motion. We affirm.

Claims for breach of warranty are governed by a four-year statute of limitations from the accrual of the claim (see UCC 2-725; *Ito v Dryvit Sys., Inc.*, 16 AD3d 554, 555 [2005]; cf. *Gibraltar Mgt. Co., Inc. v Grand Entrance Gates, Ltd.*, 46 AD3d 747 [2007]). A cause of action alleging breach of warranty accrues when the breach occurs, and "[a] breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered" (UCC 2-725 [2]; see *Wyandanch Volunteer Fire Co., Inc. v Randon Constr. Corp.*, 29 AD3d 685, 687 [2006]). Here, the windows and doors were purchased and delivered in 1990. Thus, unless there was a warranty of future performance, the statute of limitations for breach of warranty expired in 1994. If there was a lifetime warranty, the cause of action would not have accrued until 1997, when the plaintiff discovered the defects. In that event, the statute of limitations expired in 2001. Moreover, even assuming that the defendant is estopped from pleading the statute of limitations for the period during which it was in communication with the plaintiff and did work to replace or repair the defective goods, thereby inducing him not to commence an action (see General Obligations Law § 17-103 [4] [b]; *Park Assoc. v Crescent Park Assoc.*, 159 AD2d 460, 461 [1990]; *State of N.Y. Higher Educ. Servs. Corp. v Langus*, 140 AD2d 792, 793 [1988]), that period ended in 2001 when the defendant stopped work, and the statute of limitations expired in 2005. The plaintiff, however, did not commence this action until 2006. Consequently, under any view of the facts here, the plaintiff's action was barred by the statute of limitations (see *Ito v Dryvit Sys., Inc.*, 16 AD3d at 555).

The plaintiff's remaining contention is without merit. Fisher, J.P., Balkin, McCarthy and Chambers, JJ., concur.