NEW YORK METHODIST HOSPITAL, Appellant, v CARRIER CORPORATION, Respondent. [892 NYS2d 110]—

"The economic loss doctrine provides that tort recovery in strict products liability and negligence against a manufacturer is not available to a downstream purchaser where the claimed losses flow from damage to the property that is the subject of the contract, and personal injury is not alleged or at issue" (*Weiss v Polymer Plastics Corp.*, 21 AD3d 1095, 1096 [2005]; *see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.]*, 84 NY2d 685, 686, 689 [1995]; *Atlas Air, Inc. v General Elec. Co.*, 16 AD3d 444, 445 [2005]; *Amin Realty v K & R Constr. Corp.*, 306 AD2d 230, 231 [2003]). This rule applies both to economic losses with respect to the product itself and consequential damages resulting from the alleged defect (*see Weiss v Polymer Plastics Corp.*, 21 AD3d at 1096; *Atlas Air, Inc. v General Elec. Co.*, 16 AD3d at 445; *Amin Realty v K & R Constr. Corp.*, 306 AD2d at 231). Here, the plaintiff merely alleged economic loss with respect to the subject double-effect absorption chiller (hereinafter the chiller), and consequential damages resulting from its failure to operate properly. Accordingly, the Supreme Court properly determined that the economic loss rule barred the plaintiff's tort-based causes of action (*see Weiss v Polymer Plastics Corp.*, 21 AD3d at 1096; *Atlas Air, Inc. v General Elec. Co.*, 16 AD3d at 445; *Amin Realty v K & R Constr. Corp.*, 306 AD2d at 231).

Uniform Commercial Code § 2-725 (1) provides that "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued" (*see Ito v Marvin Lbr. & Cedar Co.*, 54 AD3d 1001, 1002 [2008]; *Wyandanch Volunteer Fire Co., Inc. v Randon Constr. Corp.*, 29 AD3d 685, 687 [2006]; *Imperia v Marvin Windows of N.Y.*, 297 AD2d 621, 623 [2002]). The cause of action usually accrues upon the delivery of the goods; however, an exception exists "where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance" (UCC 2-725 [2]; *see Ito v Marvin Lbr. & Cedar Co.*, 54 AD3d at 1002; *Wyandanch Volunteer Fire Co., Inc. v Randon Constr. Corp.*, 29 AD3d at 687; *Imperia v Marvin Windows of N.Y.*, 297 AD2d at 623). In such instance, the cause of action ac-

crues "when the breach is or should have been discovered" (UCC 2-725 [2]).

Contrary to the plaintiff's contention, the exception for a warranty of future performance does not apply to the facts of this case (*cf. Imperia v Marvin Windows of N.Y.,* 297 AD2d at 623). Moreover, the parties' contract provided that the chiller would be subject to a one-year warranty (*see* UCC 2-725 [1]). As the tender of delivery occurred more than one year before the plaintiff commenced the instant action, the Supreme Court properly determined that the plaintiff's contract-based causes of action were time-barred (*see* UCC 2-725 [1]; *Ito v Marvin Lbr. & Cedar Co.,* 54 AD3d at 1002; *Wyandanch Volunteer Fire Co., Inc. v Randon Constr. Corp.,* 29 AD3d at 687; *Imperia v Marvin Windows of N.Y.,* 297 AD2d at 623).

The plaintiff's remaining contentions are without merit (*see generally Clark v Pfizer, Inc.,* 64 AD3d 536 [2009]). Mastro, J.P., Florio, Balkin and Leventhal, JJ., concur.