This appeal and cross-appeal are amongst several involving water intrusion and damage at a newly constructed apartment complex (see Archstone v Tocci Bldg. Corp. of N.J., Inc., 101 AD3d 1057 [2012]; Archstone v Tocci Bldg. Corp. of N.J., Inc., 101 AD3d 1062 [2012] [both decided herewith]). The plaintiffs, the owners of the apartment complex, contracted with the defendant Tocci Building Corporation of New Jersey, Inc. (hereinafter Tocci), to act as the general contractor on the project. The plaintiffs commenced this action against Tocci, and others, including the appellant Eldorado Stone, LLC (hereinafter Eldorado), alleging that severe water intrusion required them to reconstruct the buildings, terminate certain leases, and defend against personal injury and property claims brought by the apartment complex’s tenants. Eldorado manufactured an artificial stone veneer used to clad the exterior of the buildings. The plaintiffs asserted causes of action against Eldorado sounding in, inter alia, negligence and breach of express and implied warranties.
*1061 Eldorado moved for summary judgment dismissing the negligence and breach of express and implied warranty causes of action asserted against it. The Supreme Court granted those branches of the motion which were for summary judgment dismissing the breach of express and implied warranty causes of action, and otherwise denied the motion. Eldorado appeals from so much of the order as denied that branch of its motion which was for summary judgment dismissing the negligence cause of action asserted against it, and the plaintiffs cross-appeal from so much of the order as granted that branch of Eldorando’s motion which was for summary judgment dismissing the breach of express and implied warranty causes of action asserted against it.
“The economic loss rule provides that tort recovery in strict products liability and negligence against a manufacturer is not available to a downstream purchaser where the claimed losses flow from damage to the property that is the subject of the contract and personal injury is not alleged or at issue” (Atlas Air, Inc. v General Elec. Co., 16 AD3d 444, 445 [2005]; see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.], 84 NY2d 685, 694 [1995]; New York Methodist Hosp. v Carrier Corp., 68 AD3d 830 [2009]; Weiss v Polymer Plastics Corp., 21 AD3d 1095 [2005]; Amin Realty v K & R Constr. Corp., 306 AÍD2d 230 [2003]). The rule is applicable to economic losses to the product itself, as well as consequential damages resulting from the defect (see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.], 84 NY2d at 693; Weiss v Polymer Plastics Corp., 21 AD3d at 1096).
Here, the plaintiffs claimed economic losses with respect to the reconstruction of the buildings allegedly resulting from the failure of the stone cladding system to perform properly in preventing water intrusion. Contrary to the plaintiffs’ contention, their alleged losses constituted consequential damages resulting from the alleged design defect and flowing from damage to property which was the subject of the plaintiffs’ contract with Tocci (see Weiss v Polymer Plastics Corp., 21 AD3d at 1096; Amin Realty v K & R Constr. Corp., 306 AD2d at 231; Hemming v Certainteed Corp., 97 AD2d 976 [1983]). Those alleged damages are thus not “outside the scope of the contractually based economic losses, attendant to the particular commercial transaction and subject matter” (Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.], 84 NY2d at 691). Moreover, the personal injury and property damage allegedly suffered by the tenants did not create a direct tort cause of action against Eldorado on behalf of the plaintiffs, where the losses they *1062 claimed were purely economic in nature (see 7 World Trade Co. v Westinghouse Elec. Corp., 256 AD2d 263, 264 [1998]). Accordingly, the economic loss rule barred the plaintiffs’ negligence cause of action against Eldorado, and the Supreme Court should have granted that branch of the motion which was for summary judgment dismissing that cause of action insofar as asserted against Eldorado.
The Supreme Court properly granted that branch of the motion which was for summary judgment dismissing the breach of implied warranty causes of action, as the plaintiffs were neither in privity with Eldorado (see Arthur Jaffee Assoc. v Bilsco Auto Serv., 58 NY2d 993, 995 [1983]; Catalano v Heraeus Kulzer, Inc., 305 AD2d 356, 358 [2003]), nor were they third-party beneficiaries of Eldorado’s contract with the distributor (see UCC 2-318; Amin Realty v K & R Constr. Corp., 306 AD2d at 231-232; Ralston Purina Co. v McKee & Co., 158 AD2d 969, 970 [1990]).
The Supreme Court properly granted that branch of the motion which was for summary judgment dismissing the breach of express warranty cause of action. Eldorado established its entitlement to judgment as a matter of law by demonstrating that the alleged express warranty was made subject to conditions which were not fulfilled. In opposition, the plaintiffs failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). In light of this determination, Eldorado’s remaining contention has been rendered academic. Angiolillo, J.P., Dickerson, Leventhal and Chambers, JJ., concur.