■ 126 NEWTON ST., LLC, Respondent, v ALLBRAND COMMERCIAL WINDOWS & DOORS, INC., et al., Defendants, and RDR EUROGLASS & METAL, INC., Appellant. [993 NYS2d 558]—

In an action, inter alia, to recover damages for breach of contract and negligence, the defendant RDR Euroglass & Metal, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Kitzes, J.), entered October 26, 2012, as denied its motion for summary judgment dismissing the complaint insofar as asserted against it, or, alternatively, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof denying those branches of the appellant's motion which were for summary judgment dismissing so much of the causes of action to recover damages for negligence and based on strict products liability insofar as asserted against it as sought compensation for losses incurred in repairing or replacing the glass windows and doors fabricated and/or installed by the appellant and as sought consequential damages, and substituting therefor a provision granting those branches of the motion, and (2) by deleting the provisions thereof denying those branches of the appellant's motion which were for summary judgment dismissing so much of the causes of action to recover damages for breach of contract and breach of an oral agreement insofar as asserted against it as sought compensation for injury to property other than the glass windows and doors fabricated and/or installed by the appellant and sought contractual

consequential damages, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Initially, we note that the appellant did not raise before the Supreme Court its contention that the causes of action to recover damages for negligence and based on strict products liability insofar as asserted against it are barred by the economic loss rule. Nevertheless, this is a purely legal argument that appears on the face of the record and could not have been avoided had it been brought to the attention of the Supreme Court. Thus, the issue may be considered by this Court even though it is being raised for the first time on appeal (*see Byrne v Nicosia*, 104 AD3d 717, 719 [2013]; *Williams v Naylor*, 64 AD3d 588 [2009]).

"The economic loss rule provides that tort recovery in strict products liability and negligence against a manufacturer is not available to a downstream purchaser where the claimed losses flow from damage to the property that is the subject of the contract and personal injury is not alleged or at issue" (*Atlas Air, Inc. v General Elec. Co.*, 16 AD3d 444, 445 [2005]; *see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.]*, 84 NY2d 685 [1995]; *Archstone v Tocci Bldg. Corp. of N.J., Inc.*, 101 AD3d 1059, 1061 [2012]; *New York Methodist Hosp. v Carrier Corp.*, 68 AD3d 830 [2009]; *Weiss v Polymer Plastics Corp.*, 21 AD3d 1095 [2005]). The rule is applicable to economic losses to the product itself as well as consequential damages resulting from the defect (*see Bocre Leasing Corp. v General Motors Corp.*, 84 NY2d at 693; *Archstone v Tocci Bldg. Corp. of N.J., Inc.*, 101 AD3d at 1061; *Weiss v Polymer Plastics Corp.*, 21 AD3d at 1096; *Atlas Air, Inc. v General Elec. Co.*, 16 AD3d at 445). Therefore, when a plaintiff seeks to recover damages for purely economic loss related to the failure or malfunction of a product, such as the cost of replacing or retrofitting the product, or for damage to the product itself, the plaintiff may not seek recovery in tort against the manufacturer or the distributor of the product, but is limited to a recovery sounding in breach of contract or breach of warranty (*see Bellevue S. Assoc. v HRH Constr. Corp.*, 78 NY2d 282, 293-295 [1991]; *see also 532 Madison Ave. Gourmet Foods v Finlandia Ctr.*, 96 NY2d 280, 288 n 1 [2001]; *New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316 [1995]; *Bocre Leasing Corp. v General Motors Corp.*, 84 NY2d at 688-689).

Here, the plaintiff alleges, inter alia, that it sustained economic losses generated by the repair and replacement of the

glass doors and windows of a building due to the failure of such doors and windows to properly prevent water intrusion. The fabrication and/or installation of those doors and windows were the subject of its agreement with the appellant. To the extent that the plaintiff seeks to recover losses generated by the repair and replacement of these doors and windows pursuant to causes of action sounding in negligence or strict products liability, such causes of action are prohibited by the economic loss rule. Thus, the Supreme Court should have granted those branches of the appellant's motion which were for summary judgment dismissing so much of the causes of action sounding in negligence or strict products liability as sought to recover losses arising from the repair and replacement of the doors and windows.

However, the plaintiff also claims that the intrusion of water caused by the defective windows and doors resulted in injury to other structural elements of the building, such as flooring and walls. These losses constitute damage to "other property" that was not the subject of the parties' agreement and, accordingly, support a valid tort cause of action (*see Bocre Leasing Corp. v General Motors Corp.*, 84 NY2d at 693; *Archstone v Tocci Bldg. Corp. of N.J., Inc.*, 101 AD3d at 1061; *New York Methodist Hosp. v Carrier Corp.*, 68 AD3d at 831; *Atlas Air, Inc. v General Elec. Co.*, 16 AD3d 444 [2005]; *Manhattanville Coll. v James John Romeo Consulting Engr., P.C.*, 5 AD3d 637, 641 [2004]). We note that, while the other structural elements of the building may have been damaged as a consequence of the infiltration of water through allegedly defective windows and doors, such losses do not constitute "consequential damages," also known as "special damages," as that term is used in contract law. Consequential or special damages usually refer to loss of expected profits or economic opportunity caused by a breach of contract (*see Biotronik A.G. v Conor Medsystems Ireland, Ltd.*, 22 NY3d 799, 805-806 [2014]; *Bocre Leasing Corp. v General Motors Corp.*, 84 NY2d at 696; *Ashland Mgt. v Janien*, 82 NY2d 395, 403 [1993]; *Martin v Metropolitan Prop. & Cas. Ins. Co.*, 238 AD2d 389 [1997]). Although the plaintiff may not recover such traditional consequential contract damages pursuant to a tort cause of action, the complaint does state causes of action against the appellant to recover damages for negligence and based on strict products liability to the extent that those causes of action seek to recover damages for injury to structural elements of the building other than the allegedly defective windows and doors themselves, which were the subject of the parties' contract (*see* CPLR 3211 [a] [7]; *see generally Leon v Martinez*, 84 NY2d 83 [1994]). Thus, the appellant failed to establish its prima facie entitlement to judgment as a matter of law dismissing those portions of those causes of action.

Accordingly, the Supreme Court properly denied those branches of the appellant's motion which were for summary judgment dismissing the negligence and strict products liability causes of action to the extent they sought recovery for injury to property other than the doors and windows fabricated and/or installed by the appellant, or, in the alternative, to dismiss those portions of those causes of action pursuant to CPLR 3211 (a) (7). However, the Supreme Court should have granted those branches of the appellant's motion which were for summary judgment dismissing so much of the negligence and strict products liability causes of action as sought to recover contractual consequential damages.

With respect to the causes of action to recover damages for breach of contract and breach of oral agreement (hereinafter together the breach of contract causes of action), the appellant established its prima facie entitlement to judgment as a matter of law dismissing so much of those causes of action as sought to recover contractual consequential damages and for damage to property other than the windows and doors that it fabricated and/or installed. The appellant established that the economic loss rule limits the plaintiff's recovery in contract to the value of repairing or replacing the windows and doors. Conversely, the appellant failed to establish, prima facie, that the economic loss rule barred the plaintiff from recovering the costs of repair or replacement of the windows and doors under a theory of breach of contract. Therefore, the Supreme Court should have granted those branches of the appellant's motion which were for summary judgment dismissing so much of the breach of contract causes of action as sought to recover contractual consequential damages and for damage to property other than the windows and doors that it fabricated and/or installed, but properly denied those branches of the motion which were for summary judgment dismissing so much of the breach of contract causes of action as sought to recover the costs of repair and replacement of the doors and windows, or alternatively, pursuant to CPLR 3211 (a) (7) to dismiss those portions of those causes of action.

To the extent that the appellant, in moving for summary judgment, relied on the plaintiff's unsworn response to its notice to admit, that notice improperly sought admissions to ultimate facts that went to "the heart of the [matter]" in controversy (*Riner v Texaco, Inc.*, 222 AD2d 571, 572 [1995]; *see Priceless Custom Homes, Inc. v O'Neill*, 104 AD3d 664 [2013]; *Nacherlilla v Prospect Park Alliance, Inc.*, 88 AD3d 770, 771 [2011]; *Morreale v Serrano*, 67 AD3d 655, 655-656 [2009]). Thus, the Supreme Court properly disregarded the plaintiff's response in determining the appellant's motion.

The plaintiff stated a cause of action alleging a breach of the implied warranty of fitness for a particular purpose, and the appellant failed to establish its prima facie entitlement to judgment as a matter of law dismissing that cause of action. Accordingly, the Supreme Court properly denied that branch of the appellant's motion which was for summary judgment dismissing that cause of action or, in the alternative, to dismiss that cause of action pursuant to CPLR 3211 (a) (7).

The appellant's remaining contentions either are without merit or have been rendered academic in light of our determination. Skelos, J.P., Sgroi, Cohen and LaSalle, JJ., concur.