Cincinnati Ins. Co. v Emerson Climate Tech., Inc. (2023 NY Slip Op 01931)

Cincinnati Ins. Co. v Emerson Climate Tech., Inc.

2023 NY Slip Op 01931

Decided on April 13, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 13, 2023

534979
[*1]The Cincinnati Insurance Company, Appellant,
v
Emerson Climate Technologies, Inc., et al., Respondents, et al., Defendant.

Calendar Date:February 15, 2023

Before:Garry, P.J., Lynch, Clark, Reynolds Fitzgerald and McShan, JJ.

Law Offices of Robert A. Stutman, PC, New York City (Daniel Hogan of counsel), for appellant.
Phillips Lytle, LLP, Buffalo (Erin E. Connare of counsel), for Emerson Climate Technologies, Inc., respondent.
Hurwitz Fine, PC, Buffalo (Scott D. Kagan of counsel), for Legacy Chiller Systems, Inc., respondent.
Law Offices of M. Randolph Belkin, Latham (Shawn T. Nash of counsel), for J & M Fluidics, Inc., respondent.

Clark, J.
Appeals from three orders of the Supreme Court (Donald F. Cerio Jr., J.), entered January 31, 2022, February 25, 2022 and May 19, 2022 in Madison County, which granted certain defendants' motions to dismiss the second amended complaint against them.
Owera Vineyards, LLC owns and operates a vineyard, winery and wine production facility in the Town of Cazenovia, Madison County. During production, Owera stores its wine in large stainless steel tanks, which must maintain a constant temperature below 68 degrees Fahrenheit to prevent bacteria and microbial growth. To meet these cooling needs, Owera purchased a glycol process chiller from defendant Benjamin J. Guthrie in 2013. The chiller was designed, manufactured, marketed, distributed and sold by defendant Legacy Chiller Systems, Inc. and defendant J & M Fluidics, Inc.; the chiller included a compressor designed, manufactured and sold by defendant Emerson Climate Technologies, Inc. In 2019, while approximately 6,000 gallons of wine were in production, the compressor malfunctioned and a fire originated within the compressor, which led the chiller to malfunction. As a result, the temperature of the 6,000 gallons of wine rose above 68 degrees and the wine was irreparably damaged. Owera made emergency repairs to the chiller and, to mitigate its damages, sold the 6,000 gallons of damaged wine for a significantly decreased price. Owera filed a claim pursuant to an insurance policy with plaintiff, and plaintiff paid Owera $533,329.90 as a result of the incident.
Plaintiff commenced this action in October 2021. As relevant on this appeal, through a second amended complaint, plaintiff alleged claims sounding in strict products liability against Emerson, Legacy and J & M (hereinafter collectively referred to as defendants). Plaintiff alleged that Emerson was liable for the damage to the chiller as well as to the wine, while Legacy and J & M were liable for the damage to the wine. In December 2021, Emerson moved to dismiss the second amended complaint on the ground that plaintiff failed to state a cause of action (see CPLR 3211 [a] [7]), and Supreme Court held oral argument on the motion. Through an order entered in January 2022, Supreme Court found that the economic loss doctrine precluded the claim, granted Emerson's motion and dismissed the complaint against it. After Legacy filed a similar motion to dismiss in January 2022, Supreme Court granted the motion on the same grounds in February 2022 and dismissed the claim against Legacy. Lastly, after J & M filed a similar motion in February 2022, Supreme Court issued an order in May 2022, dismissing the complaint against it on the same grounds. Plaintiff appeals from each of the three orders.
"When assessing a motion to dismiss for failure to state a cause of action, this Court affords the complaint a liberal construction, accepts the facts alleged as true, accords the plaintiff[] the benefit of every favorable inference and determines only whether the alleged facts [*2]fit within any cognizable legal theory. Even under this liberal standard, dismissal is warranted if the factual allegations and inferences to be drawn from them do not allow for an enforceable right of recovery" (Davies v S.A. Dunn & Co., LLC, 200 AD3d 8, 11 [3d Dept 2022] [internal quotation marks and citations omitted], lv denied 38 NY3d 902 [2022]; see Villnave Constr. Servs., Inc. v Crossgates Mall Gen. Co. Newco, LLC, 201 AD3d 1183, 1184 [3d Dept 2022]). "The economic loss [doctrine] provides that where only economic loss with respect to a product itself is alleged and the underlying transaction is a sale of goods, the purchaser is limited to its contractual remedies and may not maintain the traditional tort causes of action of negligence or strict products liability" (AKV Auto Transp., Inc. v Syosset Truck Sales, Inc., 24 AD3d 833, 835 [3d Dept 2005] [citations omitted]; see 532 Madison Ave. Gourmet Foods v Finlandia Ctr., 96 NY2d 280, 288 n 1 [2001]). "This rule applies both to economic losses with respect to the product itself and consequential damages resulting from the alleged defect" (New York Methodist Hosp. v Carrier Corp., 68 AD3d 830, 831 [2d Dept 2009] [citations omitted]; see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.], 84 NY2d 685, 693 [1995]; Atlas Air, Inc. v General Elec. Co., 16 AD3d 444, 445 [2d Dept 2005], lv denied 6 NY3d 701 [2005]).
Accepting plaintiff's allegations as true, Supreme Court correctly dismissed the complaint against defendants. Contrary to plaintiff's argument that Emerson should be held liable for the damage caused to the chiller by the compressor's malfunction, the compressor was a component installed in the chiller before Owera purchased it, and the economic loss doctrine precludes a downstream purchaser from asserting such a claim (see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.], 84 NY2d at 693; AKV Auto Transp., Inc. v Syosset Truck Sales, Inc., 24 AD3d at 834-835; compare Adirondack Combustion Tech., Inc. v Unicontrol, Inc., 17 AD3d 825, 827 [3d Dept 2005]). Further, although the economic loss doctrine allows for recovery in tort where physical injury occurs or damage results to other property due to a faulty product (see Davies v S.A. Dunn & Co., LLC, 200 AD3d at 16; see e.g. Adirondack Combustion Tech., Inc. v Unicontrol, Inc., 17 AD3d at 827; Flex-O-Vit USA v Niagara Mohawk Power Corp., 292 AD2d 764, 767 [4th Dept 2002], lv dismissed 99 NY2d 532 [2002]; State Farm Fire & Cas. Co. v Southtowns Tele-Communications, 245 AD2d 1028, 1029 [4th Dept 1997]; Village of Groton v Tokheim Corp., 202 AD2d 728, 729 [3d Dept 1994], lv denied 84 NY2d 801 [1994]), no such damages exist here. Rather, the loss of value to the wine is a consequential damage caused by the chiller's failure to "perform as anticipated under normal business conditions — a traditional breach of contract situation" that is precluded by the economic loss doctrine (Bristol-Myers Squibb, Indus[*3]. Div. v Delta Star, 206 AD2d 177, 180 [4th Dept 1994] [internal quotation marks and citation omitted]; see New York Methodist Hosp. v Carrier Corp., 68 AD3d at 831). Accordingly, Supreme Court properly found that plaintiff's tort claims were barred by the economic loss doctrine and dismissed the complaint against defendants.
Garry, P.J., Lynch, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that the orders are affirmed, with one bill of costs.