■ ROBERT D. LOWE et al., Appellants-Respondents, v CARMINE INGUI et al., Respondents-Appellants.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Lonschein, J.), dated May 14, 1990, as granted those branches of the motion of the defendant Bright Bay Lincoln-Mercury, Inc. which were for summary judgment dismissing the negligence and strict products liability causes of action insofar as asserted against it, and the

defendants Carmine Ingui and United Auto Enterprises, Inc., appeal from so much of the same order as granted the motion of the defendant Bright Bay Lincoln-Mercury, Inc. which was for summary judgment dismissing the complaint and the cross-claims insofar as asserted against the defendant Bright Bay Lincoln-Mercury, Inc.

Ordered that the appeal by the defendant United Auto Enterprises, Inc., is dismissed as abandoned; and it is further,

Ordered that the order is affirmed insofar as appealed from, with costs.

The defendant Carmine Ingui purchased a used car from the defendant Bright Bay Lincoln-Mercury, Inc. (hereinafter Bright Bay). Over six months later, the car began to overheat regularly. Ingui brought the car to the defendant United Auto Truck Radiator (hereinafter United Auto), which replaced the car's radiator cap and thermostat. The car overheated the day after Ingui picked it up from United Auto, and it continued to overheat approximately every other day thereafter. Nine days after United Auto worked on the car, the plaintiff Robert D. Lowe, Ingui's son-in-law, was driving it when it overheated. Lowe stopped the car, opened the hood, and was injured when the radiator spewed hot fluids. After the accident, Ingui brought the car to Bright Bay, which found that the radiator was "one-third clogged" and replaced it.

In this action the plaintiffs seek damages, *inter alia,* for the injuries suffered by Mr. Lowe as a result of the accident and allege, *inter alia,* causes of action sounding in negligence and strict products liability against Bright Bay. The Supreme Court granted Bright Bay's motion for summary judgment dismissing the complaint and all cross-claims insofar as asserted against it, and the plaintiffs and Ingui now appeal. We affirm.

With respect to the negligence cause of action against Bright Bay, we agree with the Supreme Court that there was no evidence that the radiator was clogged at the time of the sale, which was over seven months before the accident occurred. Additionally, we note that the plantiff's expert stated that this accident could not have happened unless the radiator cap installed by United Auto was defectively made or improperly installed. There is no evidence that Bright Bay negligently failed to properly inspect, test, or correct the radiator before the sale, or, in any event, that any such negligence would have been a proximate cause of the accident.

Similarly, the Supreme Court properly dismissed the strict

products liability cause of action against Bright Bay, as there was no evidence that the radiator was defective at the time of the sale. Mangano, P. J., Rosenblatt, Lawrence and O'Brien, JJ., concur.