■ JAMES C. PULLMAN, III, Individually and as Administrator of the Estate of CARMELLA PULLMAN, Deceased, Appellant, v JAMES C. PULLMAN, JR., et al., Respondents. (Appeal No. 1.) [629 NYS2d 577] —Amended judgment unanimously modified on the law and as modified affirmed without costs and new trial granted on damages for future pecuniary loss only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the award

of damages for future pecuniary loss to $70,000, in which event the judgment is modified accordingly and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff's decedent, Carmella Pullman, sustained fatal injuries in a car accident in Utica, New York, on September 30, 1991. Her son commenced this wrongful death action, individually and as administrator of her estate. The jury returned a verdict awarding $12,475.70 for past damages; it awarded no future damages.

Supreme Court properly refused to charge the jury that it could award damages for conscious pain and suffering based upon decedent's pre-impact terror; there was no evidence that decedent experienced sufficient pre-impact terror to warrant such damages *(see, Anderson v Rowe,* 73 AD2d 1030, 1031). In addition, the finding of the jury that decedent was not conscious after the accident and its failure to award damages for conscious pain and suffering are not against the weight of the evidence. " 'Mere conjecture, surmise or speculation is not enough to sustain a claim for [pain and suffering] damages' " *(Cummins v County of Onondaga,* 84 NY2d 322, 325, quoting *Fiederlein v New York City Health & Hosps. Corp.,* 56 NY2d 573, 574).

The court erred, however, in failing to set aside the verdict insofar as it failed to award damages for future pecuniary loss *(see,* CPLR 4404 [a]). Plaintiff presented uncontroverted proof that decedent cooked, cleaned and ironed for her adult children, and babysat her grandchildren. Those services will have to be replaced. We conclude, therefore, that plaintiff was entitled to recover for that pecuniary loss *(see, Gonzalez v New York City Hous. Auth.,* 77 NY2d 663). We modify the judgment on appeal by setting aside the verdict insofar as it failed to award damages for future pecuniary loss, and we grant a new trial on damages for future pecuniary loss only unless defendants, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to increase the award of damages for future pecuniary loss to $70,000, in which event the judgment is modified accordingly. (Appeal from Amended Judgment of Supreme Court, Oneida County, Tenney, J.—Damages.) Present—Pine, J. P., Fallon, Callahan, Doerr and Balio, JJ.