■ ALFRED F. POLLOCK Appellant, v TOYOTA MOTOR SALES U.S.A., INC., et al., Defendants, and NORTHWAY MOTOR CAR CORPORATION, Respondent. [634 NYS2d 812] —Mikoll, J. Appeal from an order of the Supreme Court (Ceresia, Jr., J.), entered September 28, 1994 in Rensselaer County, which granted defendant Northway Motor Car Corporation's motion for summary judgment dismissing the complaint against it.

In late 1986, plaintiff leased and/or purchased a new 1986 Toyota Supra automobile from defendant Northway Motor Car Corporation (hereinafter defendant). In March 1987, plaintiff was operating the car when he was involved in a one-car accident whereby he sustained serious personal injuries. Plaintiff submitted a report from an expert witness opining that the right rear radial tire had been improperly repaired with a plug which dislodged, causing loss of air in the tire and, as a result, loss of control of the automobile. Plaintiff commenced this action against defendant and others alleging that due to the improper repair and defective manufacture of the tire, defendants were liable to plaintiff for breach of warranty, breach of contract, negligence and/or strict products liability.

Previously, Supreme Court granted motions by defendants Toyota Motor Sales U.S.A., Inc. and Toyota Motor Distributors,

Inc. (hereinafter collectively referred to as Toyota) and defendant Goodyear Tire & Rubber Company, Inc. for summary judgment dismissing the complaint against them because plaintiff failed to prove that the tire was defectively manufactured or that those defendants repaired the tire. Plaintiff's appeal from that order was dismissed by this Court by order entered November 30, 1992.

Evidence submitted herein reveals that the car was serviced only by defendant between the time plaintiff took possession of the car and the date of the accident, March 28, 1987. Defendant performed some engine work on the car in January 1987 and serviced it on March 25-26, 1987 for problems with the radio antenna, the door lock and for the car pulling to the right. On March 26, 1987, a service advisor of defendant told plaintiff that all his complaints had been taken care of, but that the right rear tire had bubbles and markings on the sidewall and needed to be replaced. The service advisor said defendant did not have a tire of the size to replace it and suggested plaintiff try to obtain one at Goodyear, the manufacturer. Defendant's records indicate that it did not perform any work on plaintiff's tires. There was also evidence that defendant's employees never advised plaintiff to avoid driving on the tire or whether it was driveable. Plaintiff also did not inquire if the tire could be used in such condition.

Supreme Court granted defendant's motion for summary judgment dismissing the complaint against it, finding that plaintiff failed to present evidence of the existence of a defect in the right rear tire that would give rise to any of the causes of action alleged by plaintiff. This appeal ensued.

There should be an affirmance. Plaintiff failed to establish that a triable issue of fact existed requiring a trial. A products liability claim requires specific proof that the product was defective by either direct or circumstantial evidence (*see*, *Codling v Paglia*, 32 NY2d 330, 342; *Lowe v Ingui*, 180 AD2d 622, 623; *Winckel v Atlantic Rentals & Sales*, 159 AD2d 124, 126-127). Plaintiff did not establish that the cause of the accident was due to any manufacturing defect or to defendant's negligence. Plaintiff's assertion that defendant made the faulty tire repair is speculative on this record.

Defendant, as proponent of the motion for summary judgment, has the burden of showing its entitlement to judgment as a matter of law based on sufficient evidence demonstrating the absence of any material issue of fact (*see*, *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324; *see also*, CPLR 3212). Defendant has met that burden. The affidavit of plaintiff's expert opining

that the cause of the accident was the faulty repair of the right rear tire with a plug, not a manufacturing defect in the tire, and that according to defendant's records it made no repairs to plaintiff's tires, satisfied defendant's burden that there was no issue of fact to be tried as to defendant's liability as vendor or repairer. This, together with plaintiff's averments that he never had any problem with the tire and that it was never punctured or damaged prior to the date of the accident, shifted the burden of proof to plaintiff to produce evidence in admissible form sufficient to demonstrate the existence of a triable issue (see, supra). Additionally, plaintiff averred in his affidavit of March 20, 1990 that the tire in question had never been plugged or repaired, nor had any permission or consent been given to repair or plug the tire. Plaintiff further stated in the same affidavit that the tire may have been defective at the time it was distributed by Goodyear and incorporated into the vehicle by Toyota. Thus, upon the proof presented, one could only speculate as to which defendant, if any, was responsible for the faulty repair of the tire. Defendant's motion was properly granted as to the issues of negligence, breach of implied warranty and strict liability.

Plaintiff's claims that defendant improperly failed to warn plaintiff of the existence of the defective tire also fails. Plaintiff has offered no evidence that plaintiff called problems regarding the tire to the attention of defendant. While repairers have a duty to warn the user of any defects in a product if the repairer discovers the defect in the object being repaired, or if the repairer provides routine maintenance or inspection (see, Vermette v Kenworth Truck Co., 68 NY2d 714, 717; Lopez v MacKenzie Elec. Contrs., 203 AD2d 262, 263, lv denied 85 NY2d 805; Giustino v Hollymatic Corp., 202 AD2d 161, 162), there is no evidence that plaintiff ever brought the Toyota to defendant for tire repairs, that defendant had any contractual obligation to inspect the entire car when it was brought in or that defendant provided general maintenance. Consequently, defendant's motion for summary judgment was properly granted in respect to any cause of action that could have arisen after the sale of the Toyota.

Plaintiff's claims that there was an issue of fact as to causes of action for breach of express warranty and breach of contract have no merit in view of plaintiff's failure to submit evidence of any warranty or contract relationship between plaintiff and defendant.

Cardona, P. J., Crew III, White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, with costs.