WILLIAM BRADIGAN et al., Respondents, v WESTERN REGIONAL OFF-TRACK BETTING CORPORATION, Defendant, and PLYMOLD BOOTHS, Appellant. [720 NYS2d 670] —Order insofar as appealed from unanimously reversed on the law without costs, motion granted and amended complaint against defendant Plymold Booths dismissed. Memorandum: Supreme Court erred in denying the motion of Plymold Booths (defendant) seeking summary judgment dismissing the amended complaint against it. William Bradigan (plaintiff) was injured when the metal frame of the booth at the Off-Track Betting parlor in which he was seated allegedly failed, and he fell backward. The booth was discarded on the day of plaintiff's injury and no photographs were taken, nor were any reports made with respect to the condition of the booth. The person who discarded the booth testified at his deposition that a leg of the booth was completely detached. It is undisputed that the booth was not bolted to the floor as required by the assembly and installation instructions provided by defendant. Defendant established through its expert's affidavit that the failure to mount the booth to the floor constituted a misuse of the product. The expert further stated that, when people use the booth, they push on the table in order to stand or sit, and that when seated in the booth, they cause stress to the main support, causing deflection of the legs. Over time, that deflection may result in metal fatigue or outright damage to the frame of the booth, and mounting the booth to the floor resists the deflection of the legs and prevents metal fatigue. Defendant met its initial burden by establishing that the frame failed for a reason not attributable to a defect in the product, and thus the burden shifted to plaintiffs to raise a triable issue of fact. Plaintiffs failed to meet that burden.

Plaintiffs' expert stated in his affidavit that, nearly 3½ years after plaintiff's injury, he observed defects in the booths at the location where plaintiff was injured. However, plaintiffs failed to address defendant's evidence that the failure to bolt the booth to the floor caused the failure of the booth. "Plaintiff[s] did not establish that the cause of the [occurrence] was due to

any manufacturing defect or to defendant's negligence" (*Pollock v Toyota Motor Sales U.S.A.*, 222 AD2d 766, 767), and thus failed to raise an issue of fact to defeat defendant's motion (*see generally, Zuckerman v City of New York*, 49 NY2d 557, 562). (Appeal from Order of Supreme Court, Genesee County, Rath, Jr., J.—Summary Judgment.) Present—Green, J. P., Pine, Hayes, Wisner and Scudder, JJ.