■ RICHARD KROLAK et al., Appellants, v DUBICKI, INC., et al., Respondents, et al., Defendant. [766 NYS2d 590]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered August 21, 2002, which, upon the granting of the motion of the defendants Dubicki, Inc., and Dubicki Auto Body, Inc., for summary judgment, dismissed the complaint insofar as asserted against them.

Ordered that the judgment is affirmed, with costs.

The movants met their burden of establishing their prima facie entitlement to judgment as a matter of law based upon their deposition testimony that they performed no work on the components of a car engine which caught fire, injuring the plaintiff Richard Krolak (*see Lanaro v Morris Ford Mercury*, 256 AD2d 913 [1998]; *Pollock v Toyota Motor Sales U.S.A.*, 222 AD2d 766, 768 [1995]; *Lopez v Mackenzie Elec. Contrs.*, 203 AD2d 262 [1994]). The plaintiffs, in response, failed to satisfy their burden in opposition by coming forward with a triable issue of fact as to whether the movants negligently performed any work on the engine that proximately caused the fire which occurred 19 months after the movants performed body work on the car (*cf. Gallo v Bay Ridge Lincoln Mercury*, 262 AD2d 450, 451 [1999]). The expert's opinion to the contrary was based on speculation, and thus, was not probative of the issue (*see Nichols v Cummins Engine Co.*, 273 AD2d 909 [2000]; *Williams v Healy Intl. Corp.*, 240 AD2d 403, 404 [1997]; *Pollock v Toyota Motor Sales U.S.A., supra*). Thus, the Supreme Court properly granted the motion for summary judgment. Smith, J.P., Crane, Mastro and Rivera, JJ., concur.