■ AKV AUTO TRANSPORT, INC., Respondent-Appellant, v SYOSSET TRUCK SALES, INC., Respondent, et al., Defendants, and

RAMP CHEVROLET/GEO, INC., Appellant. (And a Third-Party Action.) [806 NYS2d 254]—

Rose, J. Appeals from an order of the Supreme Court (Bradley, J.), entered June 29, 2004 in Ulster County which, inter alia, denied a motion by defendant Ramp Chevrolet/Geo, Inc. for summary judgment dismissing the complaint against it, and granted a cross motion by defendant Syosset Truck Sales, Inc. for summary judgment dismissing the complaint and all cross claims against it.

Plaintiff purchased a truck from defendant Ramp Chevrolet/Geo, Inc. on which Ramp had installed an optional auxiliary light bar. After the truck caught fire, apparently as a result of an electrical fault in the wiring of the truck or the light bar, it was repaired by defendant Syosset Truck Sales, Inc. After another electrical fire caused additional damage to the truck, plaintiff commenced this action alleging that Ramp is liable for the damage to the truck due to its negligent installation of the light bar and breach of warranty, and Syosset is also liable for the later damage caused by the second fire due to its breach of the express and implied warranties of its repair. After discovery was completed, Ramp and Syosset moved for summary dismissal of the respective claims. Supreme Court denied Ramp's motion and granted Syosset's cross motion. Plaintiff and Ramp appeal.

As to Ramp's appeal, we note that plaintiff concedes that Ramp made no express warranties and disclaimed all implied warranties. In addition, we find merit in Ramp's argument that plaintiff's remaining negligence and products liability causes of action should have been dismissed as barred by the economic

loss rule. Although plaintiff contended that the economic loss rule was inapplicable because Ramp manufactured neither the truck nor the light bar and Supreme Court agreed, plaintiff now correctly concedes that there is no such limitation on the rule's application (*see Bristol-Myers Squibb, Indus. Div. v Delta Star*, 206 AD2d 177, 181 [1994]; *Word Mgt. Corp. v AT&T Info. Sys.*, 135 AD2d 317, 318 [1988]; *cf. LaBarre v Mitchell*, 256 AD2d 850 [1998]).

The economic loss rule provides that where only economic loss with respect to a product itself is alleged and the underlying transaction is a sale of goods, the purchaser is limited to its contractual remedies and may not maintain the traditional tort causes of action of negligence or strict products liability (*see Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.]*, 84 NY2d 685, 688-689 [1995]; *Amin Realty v K & R Constr. Corp.*, 306 AD2d 230, 231 [2003], *lv denied* 100 NY2d 515 [2003]; *McDowell v Atco Rubber Prods.*, 221 AD2d 876, 877-878 [1995], *appeal dismissed* 87 NY2d 966 [1996]). Since plaintiff here alleges only economic loss arising out of damage to the product itself—that is, the truck and its component parts—against the retail seller of that product, the rule bars plaintiff's remaining claims and Ramp's motion for summary judgment should have been granted.

Turning next to plaintiff's appeal from the grant of Syosset's cross motion, we agree with Supreme Court that Syosset's proof that it did no repair work involving the truck's light bar established its prima facie entitlement to judgment as a matter of law because plaintiff's complaint had attributed the second truck fire to a fault in the light bar rather than in the truck itself (*see Nichols v Cummins Engine Co.*, 273 AD2d 909, 909 [2000], *lv denied* 96 NY2d 703 [2001]; *Lanaro v Morris Ford Mercury*, 256 AD2d 913, 913 [1998]; *Pollock v Toyota Motor Sales U.S.A.*, 222 AD2d 766, 768 [1995]). In response, plaintiff offered no evidence that Syosset had negligently performed any work on the light bar or its wiring, but rather asserted through the affidavit of its president, Alfred Votta, Jr., that he was "now convinced" that the second fire had been caused by Syosset's negligent repair of the truck's main wiring harness. However, Votta did not claim to have any expertise in either repairing truck wiring or determining the cause of a vehicular fire, and he offered no factual or scientific basis for his conviction. Thus, Votta's belief is pure speculation and insufficient to raise a material question of fact (*see Rockefeller v Albany Welding Supply Co.*, 3 AD3d 753, 756 [2004]; *Krolak v Dubicki, Inc.*, 1 AD3d 318, 318 [2003]).

As for plaintiff's alternate contention that summary judgment should not have been granted because the cause of the fire is yet to be determined, we note that the action has been pending for over seven years, discovery has been completed, plaintiff did not request leave to conduct further discovery and its counsel merely speculates that additional time may reveal the cause of the fire (*see Garnsey v Bujanowski*, 13 AD3d 857, 858 [2004]). We have reviewed plaintiff's remaining arguments regarding Syosset and find them also to be meritless.

Cardona, P.J., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motion of defendant Ramp Chevrolet/Geo, Inc.; motion granted, summary judgment awarded to said defendant and complaint dismissed against it; and, as so modified, affirmed.