■ FRANK DIMATTEO, JR., Appellant, v ANN MARIE COSENTINO, Respondent. [896 NYS2d 778]—

Appeal from an order of the Supreme Court, Cayuga County (Thomas G. Leone, A.J.), entered January 8, 2009. The order granted the motion of defendant seeking summary judgment dismissing the complaint and denied the cross motion of plaintiff to compel disclosure.

It is hereby ordered that said appeal from the order insofar as it concerned disclosure is unanimously dismissed and the order is modified on the law by denying the motion in part and reinstating the first through fifth causes of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking, inter alia, to recover his alleged share of the proceeds remaining from the sale of a parcel of real property. At the time of the sale, the

parcel was jointly owned by the parties and their brother, a nonparty, and was subject to a life estate held by their parents. Plaintiff granted a limited power of attorney to defendant with respect to the sale, which occurred on December 30, 2004. In January 2005, pursuant to an agreement between the parties, the nonparty brother, and their parents, the proceeds from the sale were deposited into a checking account in the name of defendant, in trust for the use and benefit of the parents. After both parents died, plaintiff demanded payment of his alleged share of the proceeds from the real estate transaction. When defendant did not make that payment, plaintiff commenced this action asserting causes of action for breach of fiduciary duty, fraudulent misrepresentation, conversion, the imposition of a constructive trust and unjust enrichment. The complaint also asserts a sixth cause of action, for waste, arising out of defendant's alleged conduct with respect to another parcel of real property owned by the parties and the nonparty brother.

Supreme Court erred in granting those parts of defendant's motion seeking summary judgment dismissing the first five causes of action as barred by the three-year statute of limitations applicable to the conversion cause of action (*see* CPLR 214 [3]). We agree with defendant that, based upon the allegations of the complaint and the relief sought, the three-year limitations period applies to the causes of action for unjust enrichment (*see Ingrami v Rovner*, 45 AD3d 806, 808 [2007]), breach of fiduciary duty and the imposition of a constructive trust (*see Gold Sun Shipping v Ionian Transp.*, 245 AD2d 420, 421 [1997]). In addition, "the cause of action alleging fraud [is] merely incidental to the conversion cause of action, and the only purpose it serves in the complaint is to avoid the [s]tatute of [l]imitations" (*id.*). Nevertheless, on the record before us we are unable to determine whether the first five causes of action accrued more than three years prior to the commencement of the action. "Generally, a conversion cause of action accrues on the date on which the conversion takes place" (*Pecoraro v M&T Bank Corp.*, 11 AD3d 950, 951 [2004]). "Where the original possession is lawful, a conversion does not occur until the defendant refuses to return the property after demand or until he [or she] sooner disposes of the property" (*Johnson v Gumer*, 94 AD2d 955, 955 [1983], citing *MacDonnell v Buffalo Loan, Trust & Safe Deposit Co.*, 193 NY 92, 101 [1908]). The record establishes that plaintiff made a demand on March 31, 2008, less than four months prior to the commencement of the action, and it is unclear from the parties' submissions whether defendant "sooner dispose[d] of the property" (*id.*). We therefore modify the order by denying defendant's motion in part and reinstating the first through fifth causes of action.

We conclude, however, that the court properly granted that part of defendant's motion seeking summary judgment dismissing the sixth cause of action, alleging waste, for failure to state a cause of action (*see generally Trump Empire State Partners v Empire State Bldg. Assoc.*, 245 AD2d 188 [1997], *lv denied* 92 NY2d 804 [1998]). The court also properly denied that part of plaintiff's cross motion seeking leave to amend the complaint to add a cause of action for partition. Plaintiff thereby sought "to add a new claim, not merely a new theory, against [a] person[ ] sought to be named as [an] additional part[y] to the action" (*Haughton v Merrill Lynch, Pierce, Fenner & Smith*, 305 AD2d 214, 215 [2003], *lv dismissed in part and denied in part* 100 NY2d 608 [2003], *rearg denied* 1 NY3d 546 [2003]). Finally, we note that disclosure was automatically stayed pending the court's determination of defendant's motion (*see* CPLR 3214 [b]), and the determination granting the motion rendered further disclosure moot. The record does not contain sufficient information to enable us to determine whether the court properly denied that part of the cross motion seeking to compel disclosure with respect to the remaining causes of action (*see Cherry v Cherry*, 34 AD3d 1186 [2006]). We therefore dismiss the appeal from the order insofar as it concerned disclosure. Present—Smith, J.P., Peradotto, Lindley, Green and Gorski, JJ.