Morrow v Brighthouse Life Ins. Co. of NY (2021 NY Slip Op 07373)





Morrow v Brighthouse Life Ins. Co. of NY


2021 NY Slip Op 07373


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, NEMOYER, AND CURRAN, JJ.


872 CA 21-00046

[*1]CRYSTAL MORROW, PLAINTIFF-RESPONDENT,
v
BRIGHTHOUSE LIFE INSURANCE COMPANY OF NY, METROPOLITAN LIFE INSURANCE COMPANY, DEFENDANTS-APPELLANTS, ET AL., DEFENDANT. 






WOOD SMITH HENNING & BERMAN LLP, WHITE PLAINS (CHRISTOPHER J. SEUSING OF COUNSEL), FOR DEFENDANTS-APPELLANTS.


 Appeal from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered June 8, 2020. The order, insofar as appealed from, denied in part the motion of defendants to dismiss the third amended complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the third amended complaint is dismissed.
Memorandum: Brighthouse Life Insurance Company of NY and Metropolitan Life Insurance Company (defendants) appeal from an order that, inter alia, denied in part their motion seeking to dismiss the third amended complaint against them. Plaintiff alleged that, in May 2006, she purchased a $100,000 life insurance policy naming her son as the insured and naming herself and her grandson as the beneficiaries. Plaintiff further alleged that, either before or after she signed the policy application, her son's girlfriend was added as a beneficiary to the policy without plaintiff's approval, knowledge, or consent. In May 2011, plaintiff submitted a claim on the policy after the death of her son. Proceeds from the policy were placed in separate checking accounts for plaintiff, her grandson, and her son's girlfriend, but plaintiff was given all three checkbooks and withdrew the amount in the son's girlfriend's account, leading to criminal charges against plaintiff. Upon the criminal trial of those charges, plaintiff was acquitted on some counts and the jury deadlocked on the remaining counts. Supreme Court (Wolfgang, J.) dismissed the remaining counts in the furtherance of justice.
We agree with defendants that Supreme Court (Ogden, J.) erred in denying those parts of the motion seeking to dismiss the fourth, fifth, sixth, and tenth causes of action as barred by the applicable statute of limitations. Those causes of action were for, respectively, breach of contract, breach of fiduciary duty, conversion, and aiding and abetting breach of fiduciary duty. Contrary to both plaintiff's position in opposition to the motion and the court's conclusion, those causes of action did not accrue at the time the criminal proceeding terminated. The termination of a criminal proceeding is relevant for claims for malicious prosecution and legal malpractice arising out of a criminal proceeding (see Britt v Legal Aid Socy., 95 NY2d 443, 445-448 [2000]). For those claims, a plaintiff is required to make a showing of innocence, and thus the claims do not accrue until the plaintiff can assert the element of his or her innocence on the criminal charges (see id.). Plaintiff here does not need to assert her innocence on the criminal charges as an element of the causes of action for breach of contract, conversion, and breach of fiduciary duty (see generally Bratge v Simons, 167 AD3d 1458, 1459 [4th Dept 2018]).
The statute of limitations for a cause of action for breach of contract is six years (see CPLR 213 [2]). "[A] breach of contract cause of action accrues at the time of the breach," even if the damage does not occur until later (Ely-Cruikshank Co. v Bank of Montreal, 81 NY2d 399, [*2]402 [1993]). Here, any breach occurred when the policy was issued in May 2006. The policy stated that the beneficiary was named in the application and referred the reader to an attached copy of the application, which listed the son's girlfriend as a beneficiary. Inasmuch as plaintiff commenced this action more than six years after the policy was issued, the breach of contract cause of action is untimely. The fact that plaintiff alleged that she did not discover the breach until she made a claim under the policy in May 2011 does not compel a different outcome inasmuch as "the breach of contract cause[] of action accrued at the time of the breach, not on the date of discovery of the breach" (Yarbro v Wells Fargo Bank, N.A., 140 AD3d 668, 668 [1st Dept 2016]; see Deutsche Bank Natl. Trust Co. v Flagstar Capital Mkts., 32 NY3d 139, 145-146 [2018]; ACE Sec. Corp., Home Equity Loan Trust, Series 2006-SL2 v DB Structured Prods., Inc., 25 NY3d 581, 593-594 [2015]; Ely-Cruikshank Co., 81 NY2d at 404).
A cause of action for conversion has a three-year statute of limitations (see CPLR 214 [3]) and accrues on the date the conversion takes place (see DiMatteo v Cosentino, 71 AD3d 1430, 1431 [4th Dept 2010]). "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]). Here, any conversion took place in May 2011, when plaintiff made a claim under the policy and allegedly received less than she was entitled to, and the cause of action is untimely inasmuch as plaintiff commenced this action more than three years later.
With respect to the breach of fiduciary duty causes of action, "where an allegation of fraud is essential to a breach of fiduciary duty claim, courts have applied a six-year statute of limitations under CPLR 213 (8)" (IDT Corp. v Morgan Stanley Dean Witter & Co., 12 NY3d 132, 139 [2009], rearg denied 12 NY3d 889 [2009]; see Monaghan v Ford Motor Co., 71 AD3d 848, 849-850 [2d Dept 2010]). Even assuming, arguendo, that the breach of fiduciary duty causes of action contain allegations of fraud that are essential to the claims, they are still untimely under CPLR 213 (8). The alleged fraudulent action occurred at the latest when the policy was issued in May 2006, and this action was commenced more than six years later and more than two years after May 2011, when plaintiff discovered the alleged fraudulent action.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court