Baker v Eastern Niagara Hosp., Inc. (2023 NY Slip Op 03090)

Baker v Eastern Niagara Hosp., Inc.

2023 NY Slip Op 03090

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

38 CA 22-00006

[*1]LURLINE BAKER, AS EXECUTOR OF THE ESTATE OF ANNA CAPEN, DECEASED, PLAINTIFF-APPELLANT,
v
EASTERN NIAGARA HOSPITAL, INC., INTER-COMMUNITY MEMORIAL HOSPITAL (NOW KNOWN AS EASTERN NIAGARA HOSPITAL, INC.), LOCKPORT MEMORIAL HOSPITAL (NOW KNOWN AS EASTERN NIAGARA HOSPITAL, INC.), PRAYOON PRABHARASUTH, M.D., JUAN DEROSAS, M.D., AND ROBERT HODGE, M.D., DEFENDANTS-RESPONDENTS. 

BOTTAR LAW, PLLC, SYRACUSE (SAMANTHA C. RIGGI OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
ROACH, BROWN, MCCARTHY & GRUBER, P.C., BUFFALO (HEDWIG M. AULETTA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS EASTERN NIAGARA HOSPITAL, INC., INTER-COMMUNITY MEMORIAL HOSPITAL (NOW KNOWN AS EASTERN NIAGARA

 Appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered December 22, 2021. The order granted the motions of defendants to dismiss the complaint and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motions are denied and the complaint and cross-claims are reinstated.
Memorandum: Plaintiff's decedent commenced this action seeking damages for injuries she sustained as a result of defendants' alleged medical malpractice in failing to remove a foreign object consisting of a surgical sponge from decedent's pelvis upon the completion of surgery. Defendants Prayoon Prabharasuth, M.D., Juan DeRosas, M.D., and Robert Hodge, M.D. moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint and any cross-claims against them as time-barred. Defendants Eastern Niagara Hospital, Inc., Inter-Community Memorial Hospital (now known as Eastern Niagara Hospital, Inc.), and Lockport Memorial Hospital (now known as Eastern Niagara Hospital, Inc.) also moved to dismiss the complaint and any cross-claims against them as time-barred. Defendants asserted in their respective motions that the results of a barium enema ordered by decedent's primary care physician (PCP) included an "incidental note" of what appeared to be a foreign object in decedent's pelvis and that, at a follow-up visit that took place more than one year before this action was commenced, the PCP discussed with decedent the need for surgical intervention to remove the foreign object. In support of their assertions, defendants relied on a note contained in the PCP's records, which purportedly referenced the finding of a foreign object, and the affidavit of the PCP, in which he stated that it was his "custom and practice to discuss the findings from [a] procedure/test with the patient at the next visit or sooner." Supreme Court granted both motions, concluding that decedent was made aware of the presence of the foreign object no later than the date of the follow-up visit and that the action was thus untimely. Plaintiff now appeals, and we reverse.
"On a motion to dismiss pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the defendant has the initial burden of establishing that the limitations period has expired" (Rider v Rainbow Mobile Home Park, LLP, 192 AD3d 1561, 1561-1562 [4th Dept 2021]). "In order to make a prima facie showing, the defendant must establish, inter alia, when the plaintiff's cause of action accrued" (Swift v New York Med. Coll., 25 AD3d 686, 687 [2d Dept 2006]; see Chaplin v Tompkins, 173 AD3d 1661, 1662 [4th Dept 2019]). Once a defendant meets that initial burden, the burden shifts "to plaintiff to aver evidentiary facts . . . establishing that the statute of limitations has not expired, that it is tolled, or that an exception to the statute of limitations applies" (Rider, 192 AD3d at 1562 [internal quotation marks omitted]).
We agree with plaintiff that the court erred in granting the motions inasmuch as defendants failed to meet their initial burdens of establishing that the action is time-barred. Where, as here, a malpractice "action is based upon the discovery of a foreign object in the body of the patient, the action may be commenced within one year of the date of such discovery or of the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier" (CPLR 214-a [a]). Plaintiff contends that the court erred in relying on evidence of the PCP's custom and practice to establish that he actually informed decedent of the possible presence of a foreign object. We agree. "[E]vidence of habit has, since the days of the common-law reports, generally been admissible to prove conformity on specified occasions because one who has demonstrated a consistent response under given circumstances is more likely to repeat that response when the circumstances arise again" (Rivera v Anilesh, 8 NY3d 627, 633-634 [2007] [internal quotation marks omitted]). "The applicability of this doctrine is limited to cases where the proof demonstrates a deliberate and repetitive practice by a person in complete control of the circumstances . . . as opposed to conduct however frequent yet likely to vary from time to time depending upon the surrounding circumstances" (id. at 634 [internal quotation marks omitted]; see Guido v Fielding, 190 AD3d 49, 53 [1st Dept 2020]).
In order to establish the admissibility of the PCP's habit evidence, defendants were required to establish that the PCP engaged in a routine practice of informing patients of the results of their diagnostic procedures and that his practice did not vary from patient to patient (see Guido, 190 AD3d at 53-54; see generally Rivera, 8 NY3d at 633-634; Biesiada v Suresh, 309 AD2d 1245, 1245 [4th Dept 2003]). We conclude that defendants failed to do so. The affidavit of decedent's PCP, submitted in support of the motions, explicitly concedes that the manner in which he informs patients of the results of diagnostic procedures varies. Decedent's PCP would inform patients of those results either "at the next visit or sooner, if indicated by the circumstances" (emphasis added). Further, the presence "of what appears to be two surgical sponges in [decedent's] pelvis" was noted only in an "Incidental Note" in the report of the results of decedent's barium enema, which also suggested that the finding should be confirmed by a CT scan of decedent's pelvis. The affidavit of the PCP did not, however, provide any evidence that it was the PCP's habit to discuss incidental notes with patients, and none of the other "assessments" noted in the PCP's records refers to the presence of the foreign body or the need for a confirmatory CT scan of decedent's pelvis. Thus, the affidavit failed to lay an adequate foundation for consideration of the PCP's practices as habit evidence (see Guido, 190 AD3d at 54; see also Chavis v Syracuse Community Health Ctr., Inc., 96 AD3d 1489, 1490 [4th Dept 2012]). We further agree with plaintiff that decedent's medical records and plaintiff's deposition testimony, also submitted by defendants, do not establish that decedent was aware of the foreign body more than one year before she commenced this action.
Defendants also failed to establish that, more than one year prior to commencing this action, decedent had discovered facts that "would reasonably lead" to the discovery of the foreign object (CPLR 214-a [a]). Defendants' reliance on decedent's failure to discover the presence of the foreign body based on the gastrointestinal symptoms that she suffered for approximately three years between 2013 and 2016 is without merit. The medical records establish that decedent "made timely and persistent inquiries to medical . . . professionals with respect to [her symptoms] following the surger[ies]" (Chavis, 96 AD3d at 1490; see Wiegand v Berger, 151 AD2d 343, 344-345 [1st Dept 1989]; cf. Cooper v Edinbergh, 75 AD2d 757, 759 [1st Dept 1980]).
Inasmuch as defendants failed to establish that decedent was or should have been aware [*2]of the presence of the foreign body more than one year prior to commencing this action, the burden never shifted to plaintiff to aver evidentiary facts establishing that the limitations period had not expired, that it was tolled, or that an exception to the statute of limitations applied (see generally Matter of Covington v Fischer, 125 AD3d 1320, 1320 [4th Dept 2015]; Lazic v Currier, 69
AD3d 1213, 1214 [3d Dept 2010]; Matter of Edwards v Coughlin, 191 AD2d 1044, 1044-1045 [4th Dept 1993]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court