Zaepfel v Town of Tonawanda (2024 NY Slip Op 02400)

Zaepfel v Town of Tonawanda

2024 NY Slip Op 02400

Decided on May 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

54 CA 23-00440

[*1]JAMES A. ZAEPFEL, TONAWANDA PIRSON LLC, AND 95 PIRSON PARKWAY LLC, PLAINTIFFS-RESPONDENTS,
v
TOWN OF TONAWANDA, DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

COLUCCI & GALLAHER, P.C., BUFFALO (PAUL G. JOYCE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GROSS SHUMAN P.C., BUFFALO (B. KEVIN BURKE, JR., OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered February 16, 2023. The order and judgment, among other things, awarded plaintiffs the sum of $1,664,801.48 as against defendant, upon a jury verdict. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by granting the posttrial motion in part, setting aside the verdict with respect to the third cause of action insofar as it is based on defendant's failure to construct a retention pond and a new trial is granted on the third cause of action to that extent, and setting aside the verdict with respect to damages on the first cause of action, and as modified the order and judgment is affirmed without costs and a new trial is granted on damages only with respect to the first cause of action unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to reduce the award of damages for the first cause of action to $10,100, in which event the order and judgment is modified accordingly and as modified the judgment is affirmed without costs.
Memorandum: Plaintiffs commenced this action asserting six causes of action arising out of defendant's sale of vacant land (property) to plaintiff Tonawanda Pirson, LLC (Pirson), which constructed a commerce center on the site. As relevant to this appeal, the first cause of action (billboard claim) asserts that defendant committed the tort of conversion when it retained a post-closing rent check from a company that leased part of the property for purposes of erecting a billboard. The second cause of action (wetlands claim) asserts that, as a condition precedent to the land purchase contract (contract), defendant and Pirson agreed to jointly apply for and obtain any necessary permits from the Army Corp of Engineers (ACE). ACE issued the permit but required the permittees to create or finance several acres of replacement wetlands, representing twice the acreage that would be displaced by the commerce center project. Plaintiffs allege that they constructed defendant's share of the replacement wetlands to comply with the ACE permit and that defendant did not pay plaintiffs' invoice for their expenses with respect thereto, thereby breaching the contract. The third cause of action (improvements claim) asserts, inter alia, that defendant promised to construct, on adjacent land retained by defendant, a storm water retention pond (retention pond) that would service the property. It is undisputed that defendant's purported promise was never expressly memorialized in the contract. Plaintiffs allege that defendant breached the contract by failing to construct a retention pond and that plaintiffs were therefore required to construct one on the property at their expense.
Defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion with respect to the fourth through sixth causes of action but denied the motion with respect to the first, second, and third causes of action, concluding that the billboard and wetlands claims were not barred by the statute of limitations or the statute of frauds and that [*2]the improvements claim was not barred by the merger doctrine. At trial, the jury determined that defendant was liable for conversion under the billboard claim and awarded plaintiffs $15,550 in compensatory damages. It further determined that defendant was liable under the wetlands claim and awarded plaintiffs $226,500 in compensatory damages. The jury also found defendant liable under the improvements claim and, as relevant on appeal, awarded plaintiffs $748,217.10 for the retention pond. Thereafter, defendant moved to set aside the jury verdict (posttrial motion) on the ground that the verdict was against the weight of the evidence, requiring a new trial, or, in the alternative, to set aside or reduce the award of damages. The court denied the posttrial motion and issued an order and judgment (judgment) in favor of plaintiffs. In appeal No. 1, defendant appeals from the order denying its posttrial motion. In appeal No. 2, defendant appeals from the judgment awarding money damages to plaintiffs.
As an initial matter, we note that the appeal from the order in appeal No. 1 must be dismissed inasmuch as the order in that appeal is subsumed in the judgment in appeal No. 2 (see Stribing v Wendel & Loecher, Inc. [appeal No. 2], 194 AD3d 1390, 1390-1391 [4th Dept 2021]). The appeal from the judgment in appeal No. 2 brings up for review the propriety of the order in appeal No. 1 (see Almuganahi v Gonzalez, 174 AD3d 1492, 1493 [4th Dept 2019]; see generally CPLR 5501 [a] [1]; Matter of Aho, 39 NY2d 241, 248 [1976]). The appeal from the judgment in appeal No. 2 does not bring up for review the propriety of that part of the court's order denying defendant's motion insofar as it sought summary judgment dismissing the improvements claim: the denial of that part of the motion did not necessarily affect the final judgment inasmuch as it did not deprive defendant of the further opportunity to litigate the issue in question, i.e., defendant's contention that there was no breach of contract with respect to the improvements claim (see Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025-1026 [2022], rearg denied 38 NY3d 1170 [2022]; see generally CPLR 5501 [a] [1]). The appeal from the judgment in appeal No. 2 does bring up for review the propriety of that part of the court's order denying defendant's motion insofar as it sought summary judgment dismissing the billboard and wetlands claims. Denial of the motion with respect to those two claims—which was in effect a motion for dismissal under CPLR 3211 (a) (5)—necessarily affected the final judgment by "necessarily remov[ing] . . . legal issue[s] from the case so that there was no further opportunity during the litigation to raise the question[s] decided by the prior non-final order" (Bonczar, 38 NY3d at 1026 [internal quotation marks omitted]; see Costea v Vemen Mgt. Corp., 213 AD3d 634, 636 [2d Dept 2023]). Specifically, the court determined that those two claims were timely and that the wetlands claim was not barred by the statute of frauds.
Contrary to defendant's contention, we conclude that the court properly denied defendant's motion insofar as it sought summary judgment dismissing the billboard claim on the ground that it was barred by the applicable statute of limitations (see General Municipal Law § 50-i [1]). The billboard claim sounds in conversion and therefore "accrue[d] on the date the conversion [took] place" (Morrow v Brighthouse Life Ins. Co. of NY, 200 AD3d 1622, 1624 [4th Dept 2021]), not upon "discovery or the exercise of diligence to discover" (Vigilant Ins. Co. of Am. v Housing Auth. of City of El Paso, Tex., 87 NY2d 36, 44 [1995]). "A conversion takes place when someone, intentionally and without authority, assumes or exercises control over personal property belonging to someone else, interfering with that person's right of possession" (Colavito v New York Organ Donor Network, Inc., 8 NY3d 43, 49-50 [2006]). In arguing that the billboard claim is barred by the statute of limitations, defendant relies solely on the allegations in the complaint in support of its assertion that the claim accrued when defendant received the rent check for the billboard in January 2015, rendering the November 2016 commencement of this action untimely. The mere fact that defendant accepted the rental funds in January 2015 does not, however, establish that defendant had the requisite intent, at that time, to convert plaintiffs' property (see generally DiMatteo v Cosentino, 71 AD3d 1430, 1431 [4th Dept 2010]). Consequently, we conclude that defendant did not meet its initial burden on the motion (see Larkin v Rochester Hous. Auth., 81 AD3d 1354, 1355 [4th Dept 2011]; see generally Baker v Eastern Niagara Hosp. Inc., 217 AD3d 1331, 1332 [4th Dept 2023]; Chaplin v Tompkins, 173 AD3d 1661, 1662 [4th Dept 2019]). Thus, the burden never shifted to plaintiffs to aver evidentiary facts establishing that the limitations period had not expired, that it was tolled, or that an exception to the statute of limitations applied (see Baker, 217 AD3d at 1334; see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Larkin, 81 AD3d at 1355).
Defendant has "effectively abandoned any challenge" to the court's denial of that part of the motion seeking summary judgment dismissing the wetlands claim inasmuch as defendant, on [*3]appeal, does not address the dispositive basis for the court's determination, i.e., that the wetlands claim is not barred by the statute of limitations or the statute of frauds because it was premised on defendant's failure to comply with the ACE permit required by the contract (Walton & Willet Stone Block, LLC v City of Oswego Community Dev. Off., 206 AD3d 1688, 1689 [4th Dept 2022] [internal quotation marks omitted]; see Papaj v County of Erie, 211 AD3d 1617, 1618 [4th Dept 2022]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Defendant further contends that the court erred in denying its posttrial motion to set aside the jury verdict as against the weight of the evidence or, in the alternative, to reduce the damages award (see generally CPLR 4404 [a]). "A motion to set aside a jury verdict as against the weight of the evidence should not be granted unless the evidence so preponderate[d] in favor of the [movant] that [the verdict] could not have been reached on any fair interpretation of the evidence" (Gumas v Niagara Frontier Tr. Metro Sys., Inc., 189 AD3d 2095, 2096 [4th Dept 2020]; see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Senycia v Vosseler, 217 AD3d 1520, 1522 [4th Dept 2023]).
With respect to the billboard claim, we conclude that the verdict is not against the weight of the evidence on the issue of liability. The evidence amply established that defendant received the 2015 rent check pursuant to the billboard lease and that plaintiffs never received that check. We agree with defendant, however, that the damages award on the billboard claim is against the weight of the evidence (see generally CPLR 4404 [a]). The evidence at trial established that defendant received and wrongfully withheld from plaintiffs only the rent check for 2015, which pursuant to the lease could be for no more than $10,100. In our view, consistent with the evidence adduced at trial, an award for $10,100 would be reasonable compensation for plaintiffs' injuries under the billboard claim. We therefore modify the judgment accordingly, and we grant a new trial on damages on the first cause of action unless plaintiffs, within 20 days of service of a copy of the order of this Court with notice of entry, stipulate to decrease the award to $10,100 (see Ferro v Maline, 31 AD2d 779, 779 [4th Dept 1969]; see also Pullman v Pullman, 216 AD2d 886, 887 [4th Dept 1995]).
With respect to the wetlands claim, defendant does not dispute that it was obligated to provide replacement wetlands and that it failed in that obligation, but it does contend that the damages award on the wetlands claim should be set aside as against the weight of the evidence because the amount awarded exceeded plaintiffs' actual cost to construct the replacement wetlands on defendant's behalf. We reject that contention. In support of the wetlands claim, plaintiffs introduced in evidence the receipt they gave defendant memorializing the costs of constructing the replacement wetlands, as well as expert testimony establishing, to a reasonable degree of certainty, that the value of the wetlands constructed by plaintiffs was $226,500. We therefore conclude that the jury's award of damages on the wetlands claim is supported by a "fair interpretation of the evidence" (Gumas, 189 AD3d at 2096).
Finally, we agree with defendant that the verdict is against the weight of the evidence with respect to the improvements claim insofar as it is predicated on defendant's failure to construct the retention pond. The undisputed evidence at trial established that the express terms of the contract did not require defendant to construct the retention pond. Plaintiffs established no more than that there had been pre-contract discussions concerning the retention pond. Moreover, to the extent that plaintiffs assert that defendant's failure to construct a retention pond constituted a breach of the contractual provision requiring defendant to provide storm utilities tie-ins to plaintiffs' property line, that argument was refuted by undisputed testimony from one of Pirson's owners that defendant did, in fact, connect the storm utilities to plaintiffs' property line. The court thus erred in denying that part of the posttrial motion seeking to set aside the verdict with respect to the third cause of action insofar as it is based on defendant's failure to construct a retention pond. We therefore further modify the judgment accordingly, and we grant a new trial on the third cause of action to that extent (see generally CPLR 4404 [a]).
Entered: May 3, 2024
Ann Dillon Flynn
Clerk of the Court