City of N. Tonawanda v Penn Power Group, LLC (2026 NY Slip Op 01652)

City of N. Tonawanda v Penn Power Group, LLC

2026 NY Slip Op 01652

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, AND OGDEN, JJ.

77 CA 24-01685

[*1]CITY OF NORTH TONAWANDA, PLAINTIFF-RESPONDENT,
vPENN POWER GROUP, LLC, ET AL., DEFENDANTS, AND DAIMLER TRUCK NORTH AMERICA LLC, FORMERLY KNOWN AS DAIMLER TRUCKS NORTH AMERICA LLC, DEFENDANT-APPELLANT. 

WEBSTER SZANYI LLP, BUFFALO (TYLER C. GARVEY OF COUNSEL),

 

 Appeal from an order of the Supreme Court, Niagara County (Frank A. Sedita, III, J.), entered September 26, 2024. The order denied the motion of defendant Daimler Truck North America LLC, formerly known as Daimler Trucks North America LLC, to dismiss the amended complaint against it. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is granted, and the amended complaint against defendant Daimler Truck North America LLC, formerly known as Daimler Trucks North America LLC, is dismissed.
Memorandum: Plaintiff commenced this action against various defendants and asserted in an amended complaint, inter alia, causes of action against Daimler Truck North America LLC, formerly known as Daimler Trucks North America LLC (defendant), for breach of warranty and negligence. In lieu of answering, defendant moved to dismiss the amended complaint against it, asserting among its grounds that the breach of warranty cause of action was time-barred by the applicable four-year statute of limitations (see UCC 2-725) and that the negligence causes of action were barred by the economic loss doctrine. Supreme Court denied the motion, and defendant appeals. We reverse.
We agree with defendant that the court erred in denying that part of its motion seeking dismissal of plaintiff's breach of warranty cause of action against it as untimely. A cause of action alleging breach of warranty is governed by a four-year statute of limitations (see UCC 2-725 [1]), and accrues when tender of delivery is made (see UCC 2-725 [2]; New York Cent. Mut. Fire Ins. Co. v Glider Oil Co. Inc., 90 AD3d 1638, 1640 [4th Dept 2011]). "As an exception to this general rule, the UCC provides that 'where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance,' then 'the cause of action accrues when the breach is or should have been discovered' " (Schwatka v Super Millwork, Inc., 106 AD3d 897, 899 [2d Dept 2013], quoting UCC 2-725 [2]). "A warranty of future performance is one that guarantees that the product will work for a specified period of time" (id. [internal quotation marks omitted]).
Here, defendant had "the initial burden of establishing, prima facie, that the time in which to sue ha[d] expired" (Collins v Davirro, 160 AD3d 1343, 1344 [4th Dept 2018] [internal quotation marks omitted]; see generally Baker v Eastern Niagara Hosp., Inc., 217 AD3d 1331, 1332 [4th Dept 2023]). Defendant met its initial burden on the motion by submitting evidence that the breach of warranty cause of action against it accrued when defendant delivered the truck in September 2019, more than four years before the amended complaint containing that cause of [*2]action was filed in May 2024 (see generally Board of Educ. of Palmyra-Macedon Cent. Sch. Dist. v Flower City Glass Co., Inc., 178 AD3d 1359, 1361 [4th Dept 2019]).
The burden then shifted to plaintiff "to aver evidentiary facts . . . establishing that the statute of limitations ha[d] not expired, that it [wa]s tolled, or that an exception to the statute of limitations applie[d]" (Baker, 217 AD3d at 1332 [internal quotation marks omitted]; see Board of Educ. of Palmyra-Macedon Cent. Sch. Dist., 178 AD3d at 1361). In opposition, plaintiff "failed to allege, beyond speculation and conjecture," that an express warranty of future performance was made by defendant and, thus, failed to aver evidentiary facts establishing that this case falls within that exception to the statute of limitations (Collins-Genova v Louros, 204 AD3d 748, 749 [2d Dept 2022]; cf. Imperia v Marvin Windows of N.Y., 297 AD2d 621, 623 [2d Dept 2002]; see also Board of Educ. of Palmyra-Macedon Cent. Sch. Dist., 178 AD3d at 1361-1362). Plaintiff's further assertion that the statute of limitations was tolled as a matter of law by a series of executive orders that suspended the running of limitations periods during the COVID-19 pandemic is raised for the first time on appeal and, thus, is not properly before us (see Michael M. v Cummiskey, 178 AD3d 1457, 1458 [4th Dept 2019]; see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
We further agree with defendant that the court erred in denying that part of its motion seeking dismissal of plaintiff's negligence causes of action against it based on the economic loss doctrine. Pursuant to the economic loss doctrine, a plaintiff may not recover in tort against a manufacturer for economic loss that is contractually based, "whether due to injury to the product itself or consequential losses flowing therefrom" (Bocre Leasing Corp. v General Motors Corp. [Allison Gas Turbine Div.], 84 NY2d 685, 693 [1995]; see generally Hodgson, Russ, Andrews, Woods & Goodyear v Isolatek Intl. Corp., 300 AD2d 1051, 1052 [4th Dept 2002]). Here, plaintiff alleged in its negligence causes of action against defendant only economic loss arising out of damage to the product itself and consequential damages—that is, the damage to the truck and the truck's replacement cost—and, thus, those causes of action are barred by the economic loss doctrine (see AKV Auto Transp., Inc. v Syosset Truck Sales, Inc., 24 AD3d 833, 835 [3d Dept 2005]; Atlas Air, Inc. v General Elec. Co., 16 AD3d 444, 445 [2d Dept 2005], lv denied 6 NY3d 701 [2005]; cf. Flex-O-Vit USA v Niagara Mohawk Power Corp., 292 AD2d 764, 767 [4th Dept 2002], lv dismissed 99 NY2d 532 [2002]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court